ROBERT L. CORNELL, Employee, Plaintiff v. WESTERN AND SOUTHERN LIFE
    INSURANCE COMPANY, Employer, and GATES McDONALD, Carrier,
    Defendants

No. COA02-1636

(Filed 6 January 2004)

**1. Workers' Compensation— dismissal of appeal—reconsideration of same issue—untimely notice—lack of jurisdiction**

The Industrial Commission did not err by dismissing defendants' appeal from an opinion and award of a deputy commissioner based on lack of jurisdiction due to untimely notice of appeal even though the chairman had previously denied plaintiff's motion to dismiss on the same ground in a summary order, because the full Commission panel had the authority under the Commission's own rules to reconsider the issue of jurisdiction raised by plaintiff's motion and, upon proper findings of fact and conclusions of law, to enter an order with respect to such issue.

**2. Workers' Compensation— failure to make timely application for review—excusable neglect**

The Industrial Commission did not err by dismissing defendants' appeal from an opinion and award of a deputy commissioner based on untimely notice even though defendants contend their application for review was timely, because: (1) timely notice of appeal was not given within 15 days as required by N.C.G.S. § 97-85 when the deputy commissioner faxed the opinion and award on 29 November 2001 and defendants' application for review was made upon its mailing on 17 December 2001; (2) service was accomplished when the notice was received by defendants' law firm and not when the law firm routed it to the individual attorney within the firm to whom the case had been assigned; and (3) an attorney's misapprehension of law is not grounds for relief due to excusable neglect.

Appeal by defendants from order entered 9 July 2002 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 15 October 2003.

CORNELL v. WESTERN & S. LIFE INS. CO.

[162 N.C. App. 106 (2004)]

*Kathleen Shannon Glancy, P.A., by Terrie Haydu, for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Clayton M. Custer, for defendants-appellants.*

MARTIN, Judge.

Defendants appeal from an order of the North Carolina Industrial Commission dismissing their appeal from an opinion and award of a deputy commissioner awarding plaintiff-employee compensation. The procedural history leading to this appeal is summarized as follows: Plaintiff-employee claimed an injury to his back sustained in the course and scope of his employment with employer-defendant. Defendants denied the claim. The matter was heard by a deputy commissioner, who entered an opinion and award concluding that plaintiff had suffered "an injury by accident arising out of and in the course of his employment in the nature of a specific traumatic incident to his back" and awarding benefits for disability and medical expenses.

Defendants gave notice of appeal to the Full Commission. Before the case was calendared for hearing by the Full Commission, plaintiff-employee moved to dismiss the appeal on grounds that defendants had not given notice of appeal within the time allowed by G.S. § 97-85. The Commission's chairman entered the following order:

> The undersigned having reviewed plaintiff's motion and defendant's response and having found that defendant received notice of Deputy Commissioner Ford's Opinion and Award on December 3, 2001, and that the Industrial Commission received defendants' notice of appeal of said Opinion and Award on December 17, 2001;
>
> It is therefore ORDERED that plaintiff's motion to dismiss defendants' appeal to the Full Commission for failure to file a notice of appeal within fifteen (15) days of receipt of the notice of the Opinion and Award of the deputy commissioner as required by N.C. Gen. Stat. § 97-85 and *Moore v. City of Raleigh*, 135 N.C. App. 332, 520 S.E.2d (sic) (1999) is hereby DENIED.

Plaintiff-employee filed a motion for reconsideration, directed to the chairman, which was also denied.

Upon hearing defendants' appeal, the Commission made findings of fact and based on those findings concluded that defendants' notice

of appeal had not been timely and, therefore, it had no jurisdiction to consider the appeal. The Commission ordered defendants' appeal dismissed. Defendants have appealed the order of dismissal to this Court.

———————————

[1] First we must consider the very narrow issue presented by defendants' second assignment of error: whether the panel of the Commission to which defendants' appeal was assigned had authority to dismiss the appeal. Citing the rule well-established by North Carolina case law that "one superior court judge cannot rectify what may seem to be legal errors by another in the same case," *State v. Eason*, 336 N.C. 730, 740, 445 S.E.2d 917, 923 (1994), *cert. denied*, 513 U.S. 1096 (1995), defendants argue that the panel of the Commission to which the case was assigned had no authority, after the chairman had denied plaintiff's motion to dismiss, to thereafter dismiss the appeal for lack of jurisdiction due to the untimely notice. We disagree.

Unlike the superior court, the North Carolina Industrial Commission is not a court of general jurisdiction; the Commission is a quasi-judicial administrative board created by the legislature to administer the Workers' Compensation Act and has no authority beyond that provided by statute. *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137-38, 337 S.E.2d 477, 483 (1985). N.C. Gen. Stat. § 97-77 (2003) provides that the Commission shall consist of seven members, one of whom is designated by the governor as chairman. "The chairman shall be the chief judicial officer and the chief executive officer of the Industrial Commission . . . ." N.C. Gen. Stat. § 97-77(b) (2003). Although composed of seven members, the Full Commission acts through three member panels when reviewing awards by hearing commissioners or deputy commissioners. N.C. Gen. Stat. § 97-85 (2003). The Commission has no authority to act *en banc*. *Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 158, 542 S.E.2d 277, 281, *disc. review denied*, 353 N.C. 729, 550 S.E.2d 782 (2001).

The Commission is also authorized by N.C. Gen. Stat. § 97-80(a) (2003) to promulgate its own rules to carry out the provisions of the Workers' Compensation Act, and it has exercised such authority by adopting the Workers' Compensation Rules of the North Carolina Industrial Commission. *See* Annotated Rules of North Carolina (2004). Rule 609 (1)(c) of the Workers' Compensation Rules provides:

Motions filed after notice of appeal to the Full Commission has been given but prior to the calendaring of the case shall be directed to the Chair of the Industrial Commission.

Workers' Comp. R. Of N.C. Indus. Comm'n 609(1)(c), 2004 Ann. R. (N.C.) 901, 919. In this case, plaintiff's motion to dismiss defendants' appeal from the opinion and award of the deputy commissioner was directed to the Commission's chairman, as required by the rule, who denied the motion. Plaintiff's motion for reconsideration was likewise directed to the Commission's chairman and was denied.

Workers' Compensation Rule 703(1) provides, however, that "Orders, Decisions, and Awards made in a summary manner, without detailed findings of fact . . . may . . . be raised and determined at a subsequent hearing." Workers' Comp. R. Of N.C. Indus. Comm'n 703(1), 2004 Ann. R. (N.C.) 901, 925. The order by Chairman Lattimore denying plaintiff's motion to dismiss for lack of jurisdiction was just such a summary order. Therefore, we hold that the Full Commission panel had the authority, under the Commission's own rules, to reconsider the issue of jurisdiction raised by plaintiff's motion and, upon proper findings of fact and conclusions of law, to enter an order with respect to such issue. Defendant's assignment of error to the contrary is overruled.

[2] Defendants also contend, by their first assignment of error, that even if the Commission had authority to reconsider the issue, the Commission erred in dismissing the appeal because their application for review was timely. N.C. Gen. Stat. § 97-85 (2003) requires that an application for review of an opinion and award of a hearing commissioner or deputy commissioner must be made "within 15 days from the date when the notice of award shall have been given. . . ." This Court has held that the 15 day period commences on the date the appealing party receives notice of the award, and that an application for review is deemed made when it is mailed to the Commission by the appealing party. *Hubbard v. Burlington Industries*, 76 N.C. App. 313, 315-16, 332 S.E.2d 746, 747 (1985).

In dismissing defendants' appeal, the Commission found as facts, *inter alia*:

1. Deputy Commissioner Ford filed his Opinion and Award in this claim on November 29, 2001, at which time it was served on counsel of record for the parties;

CORNELL v. WESTERN & S. LIFE INS. CO.

[162 N.C. App. 106 (2004)]

2. Defendants filed their notice of appeal from Deputy Commissioner Ford's Opinion and Award on December 27, 2001, in a letter from Clayton M. Custer from the firm of Womble, Carlyle, Sandridge & Rice dated December 17, 2002. The Docket Director for the Industrial Commission acknowledged receipt of defendant's notice of appeal in a letter dated December 29, 2001.

. . .

4. The attorney of record for this case was Laura M. Wolfe with the office of Womble, Carlyle, Sandridge & Rice. Ms. Wolfe left the office of Womble, Carlyle, Sandridge & Rice on May 1, 2001; however this file remained with Womble, Carlyle, Sandridge & Rice. On July 25, 2001, Clayton M. Custer of the office of Womble, Carlyle, Sandridge & Rice relocated from their Winston-Salem office to their Greenville, South Carolina office . . . . The Opinion and Award of Deputy Commissioner Ford was faxed to the Winston-Salem office of Womble, Carlyle, Sandridge & Rice to the attention of Laura M. Wolfe. The mailroom of the Winston-Salem office of Womble, Carlyle, Sandridge & Rice on November 29, 2001, attempted to forward the Opinion and Award to Ms. Wolfe at her new office location. Clayton M. Custer of the office of Womble, Carlyle, Sandridge & Rice did not receive the Opinion and Award until December 3, 2001.

. . .

6. The Full Commission finds that defendants' counsel, Womble, Carlyle, Sandridge & Rice, received Deputy Commissioner Ford's Opinion and Award on November 29, 2001, by fax, and that defendants' counsel did not file the notice of appeal until it was mailed on December 17, 2001. The Full Commission notes that there is no record of a change of the lead attorney from Ms. Wolfe to Mr. Custer and that there was no notice of a change of address for the handling office from Winston-Salem to Greenville, South Carolina. Defendants' counsel had sufficient time, upon receipt of the Opinion and Award, to file a timely notice of appeal. Counsel's failure to do so was a result of a misapprehension of law.

Based on those findings, the Commission concluded that defendants' notice of appeal was not timely, and thus, it had no jurisdiction to consider defendants' appeal.

Defendant has not assigned error to any of the foregoing findings of fact. Generally, defendants' failure to assign error to the findings

renders them conclusive on appeal. *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 102-03, 296 S.E.2d 456, 458 (1982). However, this rule is excepted for questions of jurisdiction. *Dowdy v. Fieldcrest Mills, Inc.*, 308 N.C. 701, 705, 304 S.E.2d 215, 218 (1983). "Findings of jurisdictional fact by the Industrial Commission . . . are not conclusive upon appeal even though supported by evidence in the record." *Id.* When jurisdiction is challenged, the reviewing court "has the duty to make its own independent findings of jurisdictional facts from its consideration of the entire record." *Id.*; *Terrell v. Terminex Servs.*, 142 N.C. App. 305, 307, 542 S.E.2d 332, 334 (2001).

Upon our consideration of the entire record, we hold that defendants received notice of Deputy Ford's opinion and award, by fax, on 29 November 2001, *see In re Appeal of Intermedia Communications, Inc.*, 144 N.C. App 424, 426-27, 548 S.E.2d 562, 564 (2001) (notice of appeal to North Carolina Property Tax Commission may be perfected by fax), and that defendants' application for review was made upon its mailing on 17 December 2001. Notice of Deputy Commissioner Ford's opinion and award was served upon defendants' counsel, Womble, Carlyle, Sandridge & Rice, P.L.L.C., at the address shown on defendants' previous filings with the Commission. Workers' Compensation Rule 614 provides that after counsel files a notice of appearance with the Commission, all notices thereafter required to be served on a party are to be served on counsel for the party. Workers' Comp. R. of N.C. Indus. Comm'n 614(1), 2004 Ann R. (N.C.) 901, 923. Deputy Commissioner Ford complied with this rule and service was accomplished when the notice was received by Womble, Carlyle, Sandridge, & Rice, P.L.L.C., not when the law firm routed it to the individual attorney within the firm to whom the case had been assigned. We therefore conclude, as did the Commission, that timely notice or appeal (application for review) was not given within 15 days pursuant to G.S. § 97-85 and thus, the Commission had no jurisdiction to review the deputy commissioner's opinion and award. *See Moore v. City of Raleigh*, 135 N.C. App. 332, 334, 520 S.E.2d 133, 136 (1999), *disc. review denied*, 351 N.C. 358, 543 S.E.2d 131 (2000) (Industrial Commission has no jurisdiction to review an opinion and award that is not timely appealed pursuant to G.S. § 97-85).

Defendants also argue their failure to make a timely application for review was due to "excusable neglect" and that the Commission erred in failing to so rule. The Commission concluded:

2. Although the Commission has the power to remedy an error based on excusable neglect of counsel, *Hogan v. Cone Mills*,

315 N.C. 127, 337 S.E.2d 477 (1985), defendants' counsel's misapprehension of law in this case does not constitute excusable neglect. Defendants' failure to file a timely notice of appeal, therefore, should not be excused under the doctrine of excusable neglect.

Defendants' first assignment of error, by which they contend the Commission erred in dismissing the appeal because their application for review was timely, is not sufficient to raise the issue of whether their failure to file a timely application for review was due to excusable neglect. Therefore, their argument based on excusable neglect is not properly before us. N.C. R. App. P. 10(a). Assuming, *arguendo*, that the issue had been properly preserved by an assignment of error, an attorney's misapprehension of law, as found by the Commission in this case, is not grounds for relief due to excusable neglect. *See Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998) ("A showing of carelessness or negligence or ignorance of the rules of procedure" does not constitute excusable neglect).

The Order dismissing defendants' appeal to the Full Commission from the 29 November 2001 Opinion and Award of the deputy commissioner is affirmed.

Affirmed.

Judges STEELMAN and LEVINSON concur.