* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 FINDINGS OF FACT
1. This claim arises from an April 16, 1999 injury by accident arising out of and in the course of plaintiff Levonne Hardy's employment with defendant-employer. Defendants accepted plaintiff's claim through the filing of a Form 60 dated June 7, 1999.
2. Following mediation on May 8, 2001, the parties entered into a Final Compromise Settlement and Release agreement. At the time of the mediation and agreement, plaintiff was represented by counsel. Under the agreement, plaintiff accepted a payment of $100,000.00, and in consideration thereof forever released and discharged defendants from further liability whatsoever in regard to the injury that was the basis of his claim for benefits.
3. An Order approving the Final Compromise Settlement and Release agreement was entered on June 1, 2001, by Deputy Commissioner Richard B. Ford. Said Order included that"Compliance with the terms of the Agreement shall dischargeDefendants from further liability under the Workers' CompensationAct by reason of the injury giving rise to this claim." The parties have stipulated that defendants have performed as specified under the agreement.
4. On April 29, 2003, plaintiff executed a sworn complaint to the North Carolina State Bar, wherein he complained that his former counsel failed to provide adequate representation to plaintiff in his workers' compensation claim.
5. Following review and by letter dated August 15, 2003, the State Bar dismissed the grievance.
6. On October 13, 2003, the pro se plaintiff filed a Form 33 Request for Hearing, alleging that his former attorney did not provide proper legal representation. Defendants submitted a Form 33R, arguing that plaintiff's claim should be dismissed as it had been settled.
7. On April 29, 2004, plaintiff filed a Form 18M Application for Additional Medical Compensation. Defendants filed a response in opposition to the Form 18M, arguing that plaintiff's claim should be dismissed as it had been settled.
8. On July 14, 2004 defendants filed their Pretrial Submission. In that submission, defendants identified the issues for trial as being: (1) "Does the Final Settlement and Release signed byplaintiff on May 8, 2001, and the subsequent Order approving theFinal Compromise Settlement and Release signed by DeputyCommissioner Richard B. Ford on June 1, 2001, constitute abinding Award?" and (2) "Has the time run to seek amodification of the Award based upon change of circumstances?"
9. The matter was set for hearing before Deputy Commissioner Nancy W. Gregory on July 22, 2004, in Durham. Plaintiff did not appear at the hearing, and upon defendants' motion plaintiff's claim was orally dismissed with prejudice.
10. Plaintiff failed to appear at the July 22, 2004 hearing because he was waiting elsewhere for an attorney whom he thought was representing him in the claim, and when that attorney did not arrive, plaintiff went to the hearing room but found it empty. Plaintiff saw Deputy Commissioner Gregory later that day, explained his reason for failing to appear, and says he was told by the Deputy Commissioner to write a letter to the Commission explaining the reason for his failure to appear, and that the matter would then be rescheduled for hearing.
11. There is no record of the Commission receiving any letter from plaintiff before August 11, 2004, explaining his reason for failing to attend the July 22, 2004 hearing. Plaintiff has produced no physical evidence that such a letter was ever prepared or sent to the Commission.
12. On August 11, 2004, Deputy Commissioner Gregory entered a written Order dismissing plaintiff's claim with prejudice for failure to prosecute.
13. On December 29, 2004, plaintiff filed with the Industrial Commission a letter "requesting a second opinion of thisclaim," which was treated by the Commission as a medical motion. Defendants responded, arguing that plaintiff's attempt to reopen the claim should be denied, and requesting an award of attorney's fees. On January 18, 2005, then-Special Deputy Commissioner Robert J. Harris entered an Administrative Order denying plaintiff's medical motion.
14. On January 27, 2005 plaintiff wrote Chief Deputy Commissioner Stephen Gheen, again "requesting a second opinionof this claim." On February 8, 2005 plaintiff then filed another Form 33, claiming payment for permanent and total disability and alleging "Poor legal representation; therefore case wasn'tpresented properly, and second opinion and appeal ofadministrative order denying second opinion." Defendants' Form 33R again requested that the claim be dismissed with prejudice and attorney's fees awarded.
15. This matter came on for hearing before Deputy Commission Brad Donovan on April 13, 2005, in Raleigh. Plaintiff appeared pro se, and began to give evidence, at which time the hearing was interrupted and the Deputy Commissioner received a note from a member of the North Carolina General Assembly, requesting a continuance of the matter so that plaintiff might retain counsel. Deputy Commissioner Donovan continued the matter by written Order that date.
16. The matter was re-set for hearing in Durham before Deputy Commissioner Phillips on November 8, 2005. Plaintiff was present and represented by new counsel, Anita Beane Hunt. The parties provided a Pre-Trial Agreement which had also been faxed to the Commission on October 31, 2005. The parties stipulated into evidence Hearing Exhibit 1 (51 pages of documents under an index sheet titled "Defendants' records for 4/13/05 hearing"); Hearing Exhibit 3 (Plaintiff `s 2003 complaint to the North Carolina State Bar, and the Bar's response; 4 pages total); and Hearing Exhibit 4 (2 pages of medical records by Theodore M. Pitts, M.D.). The parties presented no oral testimony at the hearing.
17. At the November 8, 2005 hearing before Deputy Commissioner Phillips, the parties were allowed two weeks to stipulate and submit into evidence as Hearing Exhibit 2 any additional Industrial Commission Forms. On November 22, 2005 the parties timely submitted by letter Hearing Exhibit 2 (2 Industrial Commission Form filings).
18. At the November 8, 2005 hearing, the Deputy Commissioner allowed the parties 60 days in which to submit briefs and proposed Orders. Both parties timely submitted briefs and proposed Orders. Defense counsel also provided an affidavit regarding the pending motion for Attorney Fees.
19. The undersigned find that this case was not brought, prosecuted, or defended without reasonable ground and that the prosecution or defense of plaintiff's claim was not stubborn, unfounded litigiousness.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Full Commission does not have jurisdiction to review this matter because the August 11, 2004 Order dismissing plaintiff's claim for failure to prosecute based upon plaintiff's failure to appear at the July 22, 2004 hearing on his Form 33 filed October 13, 2003 and his Form 18M filed April 29, 2004 was not timely appealed to the Full Commission pursuant to N.C. Gen. Stat. § 97-85. Cornell v. Western and Southern Life Ins. Co.,162 N.C. App. 106, 590 S.E.2d 294 (2004) (See also Moore v. Cityof Raleigh, 135 N.C. App. 332, 520 S.E.2d 133 (1999) disc.review denied, 351 N.C. 358, 543 S.E.2d 131 (2000) (Industrial Commission has no jurisdiction to review an opinion and award that is not timely appealed pursuant to N.C. Gen. Stat. §97-85.)).
2. This claim was brought, prosecuted and defended with reasonable grounds; therefore, attorneys fees should not be assessed to either party pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The August 11, 2004 Order dismissing plaintiff's claim with prejudice remains in effect.
2. Each side shall bear the costs.
This the 14th day of September, 2006.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER