LLOYD SPEARS, Employee, Plaintiff,
v.
TYSON FOODS, INC., Self-Insured Employer, Defendant.
No. COA08-1320
Court of Appeals of North Carolina.
Filed July 21, 2009
This case not for publication
John W. Gambill, for plaintiff-appellant.
Brooks, Stevens & Pope, P.A., by Ginny P. Lanier and Christie Bynum, for defendant-appellee.
ROBERT C. HUNTER, Judge.
Plaintiff Lloyd Spears ("plaintiff") appeals from an Industrial Commission (the "Commission") opinion and award denying him workers' compensation benefits. After careful review, we affirm.

I. Background
The Commission's findings of fact[1] establish that, at the time of the hearing before the Deputy Commissioner, plaintiff was forty-six years old; he had not graduated from high school, nor had he obtained a GED. Plaintiff began working for Tyson Foods, Inc. ("defendant") when he was fifteen years old, and on or about 10 December 2003, he was employed as a "`lead person'" at defendant's Wilkesboro, North Carolina facility.
In 2001, plaintiff was out of work due to a back injury of "unclear etiology[.]" During this time, he was treated by: Dr. David L. Kelly, Jr. ("Dr. Kelly"); Dr. Laura Hubbard ("Dr. Hubbard"), who was plaintiff's family physician; and Dr. Hubbard's physician's assistant, Raymond Stone, Jr. ("P.A. Stone"). On 19 October 2001, Dr. Kelly performed a "lumbar laminectomy with diskectomy at L5-S1" on plaintiff.
On 31 March 2003, plaintiff was seen by P.A. Stone and reported that one week prior, "his right leg gave way" while he was picking up a rack of chicken. The medical notes did not reveal that plaintiff had any back pain on his right side, but indicated that he was having pain and numbness in his left foot and leg. On 22 April 2003, plaintiff returned to Dr. Hubbard's office and complained of "`pain shooting down his left leg'" and of lower back pain "that radiated into his buttocks." "An MRI of plaintiff's lumbar sacral spine was recommended. Plaintiff did not file a workers' compensation claim for this March 2003 incident."
An MRI was performed on 14 May 2003. Doctor Arnold Koriakin, D.O. ("Dr. Koriakin") compared this MRI with one taken on 5 October 2001. Dr. Koriakin noted new findings that included "inflammation of the left S1 nerve root and degenerative disc disease at L2-3, L3-4, and L4-5" and that "the small left paracentral subligamentous disc protrusion at L2-3, which was observed in 2001 was now causing mild effacement of the left lateral recess."
Plaintiff continued to receive treatment from his family physician for complaints of low back pain and for pain with numbness radiating down his left leg until the end of November 2003; he continued to fill Vicodin prescriptions written by P.A. Stone into December 2003.
On 8 January 2005, plaintiff filed a Form 18 alleging that he sustained a compensable injury to his back at work on 9 December 2003; however, he testified that his injury occurred on 10 December 2003 while he was working at a table holding approximately seven tubs of chicken, which weighed approximately 70 pounds each. Plaintiff testified that the leg of the table fell into a drain and that he injured himself while trying to keep the table up in order to prevent the chicken from falling on the floor. He further stated that he completed his shift, continued to report to work for the remainder of the week, and reported this injury to his supervisor, Michael Williams ("Mr. Williams").
Mr. Williams testified that: (1) he had no recollection of plaintiff reporting any injury to him in December 2003; (2) he and a human resources representative had called plaintiff at his home in mid December 2003 to find out why plaintiff had not been reporting to work; (3) it was his recollection that plaintiff had been out of work for about four days when the call was made; (4) he was sure that plaintiff did not tell him that he had sustained a work-related injury during the phone conversation; and (5) he was not aware that plaintiff alleged that he had hurt himself on the job until a year later.
On 22 December 2003, plaintiff saw P.A. Stone and complained of back pain. The medical report makes no mention of a work-related accident and did not describe the cause of the injury. Rather, plaintiff reported "an onset of left leg pain shooting from his buttocks to his knee, beginning four days prior." The medical note contains no mention of an accident at defendant's work occurring on or about 10 December 2003.
On 5 January 2004, plaintiff completed a leave of absence application, informing defendant that plaintiff needed to take leave pursuant to the Family and Medical Leave Act ("FMLA"). The form states that plaintiff needed to begin leave on 22 December 2003; plaintiff did not mark the box on the form indicating that his need for leave was due to a work-related injury.
From 28 January 2004 through 19 December 2005, plaintiff saw P.A. Stone on ten occasions; none of the medical notes from these visits indicate that plaintiff reported suffering a work-related injury on or about 10 December 2003. On 30 January 2004, an MRI was performed on plaintiff's lumbar spine, and "[t]here were no significant changes" from the May 2003 MRI.
On 12 February 2004, plaintiff went to Dr. Kelly complaining of recurring back and leg pain. Plaintiff told Dr. Kelly that the recurrence began somewhere around 19 December 2003; he did not report to Dr. Kelly that a work-related accident had occurred. Dr. Kelly diagnosed plaintiff with a recurrent herniated disc and performed surgery on him for this condition in February 2004.
Dr. Kelly testified that the alleged accident that plaintiff testified about "could have, hypothetically, caused his injury." However, Dr. Kelly's testimony relied on the "veracity of plaintiff's version of events surrounding his back condition[,]" and Dr. Kelly testified that he was unaware of the extent of plaintiff's back symptoms and medical treatment received prior to December 2003. He also testified that he was unaware of plaintiff's May 2003 MRI.
Between February 2004 and 2 November 2006, plaintiff saw Dr. Kelly numerous times. None of Dr. Kelly's records contain any mention of plaintiff stating that he was injured at work in December 2003. On 12 April 2004, Dr. Kelly released plaintiff to return to work. On 17 January 2005, plaintiff saw Nurse Practitioner Carolyn Kass ("N.P. Kass") at the Pain Relief Center and complained of back pain. "At that visit, plaintiff reported that his current symptoms reoccurred when he was picking up a bucket of chicken." The incident described by plaintiff to N.P. Kass was "nearly identical to the history" he gave to P.A. Stone on 31 March 2003, which plaintiff had stated occurred in March 2003.
On 28 December 2004, plaintiff's employment with defendant was terminated for failure to report to work following FMLA leave. On 16 March 2007, plaintiff underwent a vocational evaluation by Dr. Gary Sigmon ("Dr. Sigmon"), who holds a doctorate in Rehabilitation Services Education. Dr. Sigmon testified that "plaintiff was incapable of full time work and was medically unable to return to work in any capacity."
On 10 August 2007, Deputy Commissioner James C. Gillen filed an opinion and award denying plaintiff's claim. On 28 May 2008, the Commission entered an opinion and award affirming the Deputy Commissioner's decision with minor modifications. The Commission concluded, inter alia, that: (1) plaintiff failed to prove by the greater weight of the evidence "that he sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on or about December 10, 2003, or that he sustained a compensable specific traumatic incident of the work assigned" on or about that date; (2) plaintiff "failed to prove a causal connection between any such alleged event and his back condition"; (3) plaintiff "failed to prove by the greater weight of the evidence that he has been or is unable to earn the same wages he earned before the alleged event of 10 December 2003 as a result of this alleged injury"; and (4) plaintiff's termination from employment was "attributable to reasons, unrelated to the alleged injury, for which any non-injured employee would have been terminated." Consequently, the Commission determined that plaintiff's claim was not compensable pursuant to the Workers' Compensation Act. This appeal followed.

II. Analysis

A. Preservation Issues
At the outset, we note that plaintiff has failed to properly preserve his challenges to several of the Commission's findings of fact for appellate review. First, while plaintiff argues that the Commission's finding of fact 16 is not supported by competent evidence, he did not assign error to this finding of fact; consequently, said finding is binding on appeal. Cornell v. Western & S. Life Ins. Co., 162 N.C. App. 106, 110-11, 590 S.E.2d 294, 297 (2004) (stating that a party's failure to assign error to the Commission's findings of fact "renders them conclusive on appeal"). Next, while plaintiff assigns error to the Commission's findings of fact numbers 12, 20, 21, and 22 on the grounds that said findings are not supported by competent evidence, he only makes an argument pertaining to finding of fact 20 in his brief.[2] Accordingly, with the exception of finding of fact 20, the remainder of the Commission's findings of fact are binding on appeal. Treat v. Mecklenburg County, ___ N.C. App. ___, ___, 669 S.E.2d 800, 803 (2008) (stating that where a "[p]laintiff fails to argue [in his brief] that any specific findings of fact made by the Full Commission were not based upon sufficient evidence in the record[,]" the Commission's findings of fact "are thus binding on appeal"). As a result, our review is limited to (1) whether finding of fact 20 is "supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." Johnson v. Southern Tire Sales & Serv., 358 N.C. 701, 705, 599 S.E.2d 508, 512 (2004).
However, our review of the Commission's conclusions of law is limited. While plaintiff assigns error to all of the Commission's conclusions of law, he does not specify which conclusions of law he is challenging on appeal in violation of N.C.R. App. P. 28(b)(6). In fact, the only real argument we can discern from plaintiff's brief is one pertaining to credibility and weight. Specifically, plaintiff appears to argue that the Commission erred in making its credibility and weight determinations as to his and Dr. Kelly's testimony,[3] and if this testimony is given greater weight, it is clear that he is entitled to receive workers' compensation benefits. Plaintiff does not cite any legal authority in support of his argument in violation of N.C.R. App. P. 28(b)(6), and, as discussed infra, this argument is without merit.

B. Finding of Fact 20
First, defendant argues that finding of fact 20 is not supported by competent evidence. We disagree.
"The findings of the Commission are conclusive on appeal when. . . competent evidence exists, even if there is plenary evidence for contrary findings." Hardin v. Motor Panels, Inc., 136 N.C. App. 351, 353, 524 S.E.2d 368, 371, disc. review denied, 351 N.C. 473, 543 S.E.2d 488 (2000). Finding of fact 20 states: "The Full Commission finds plaintiff's testimony regarding the circumstances surrounding his alleged injury of December 10, 2003, as well as prior and subsequent related events, to be inconsistent with the documentary and other evidence of record. Accordingly, it is given less weight."
Here, finding of fact 20 is clearly supported by competent evidence as well as by numerous binding finding of facts. In fact, it appears that the only evidence in the record that plaintiff suffered a back injury at work on or about 10 December 2003 is the testimony that plaintiff gave at the hearing. In addition, North Carolina law is clear that an appellate court reviewing a workers' compensation claim "`does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting Anderson v. Construction Co., 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "`The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" Id. at 680, 509 S.E.2d at 413 (quoting Anderson, 265 N.C. at 433-34, 144 S.E.2d at 274).
[T]he Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another. The Commission's credibility determinations. . . cannot be the basis for reversing the Commission's [opinion and award] absent other error.
Deese v. Champion Int'l Corp., 352 N.C. 109, 116-17, 530 S.E.2d 549, 553 (2000). Consequently, we overrule this assignment of error.

C. Conclusions of Law
Finally, plaintiff argues that the Commission erred in concluding that he was not entitled to workers' compensation benefits. We disagree.
Here, plaintiff bore the burden of proving every element of compensability. Holley v. Acts, Inc., 357 N.C. 228, 231-32, 581 S.E.2d 750, 752 (2003). In order to establish that he suffered a compensable injury to his back, plaintiff had to prove the disabling back injury arose out of and in the course of his employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6) (2007); Richards v. Town of Valdese, 92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988), disc. review denied, 324 N.C. 337, 378 S.E.2d 799 (1989).
Here, the Commission's findings of fact clearly support its conclusions that plaintiff failed to meet his burden of proving the compensability of his back injury. Consequently, we overrule this assignment of error.
Affirmed.
Judges McGEE and BEASLEY concurred.
Report per Rule 30(e).
NOTES
[1] As discussed infra, with the exception of finding of fact 20, plaintiff does not sufficiently preserve his challenges to the Commission's findings of fact for appellate review.
[2] In his brief, plaintiff incorrectly refers to finding of fact 20 as "Conclusion of Law 20".
[3] Plaintiff did not assign error to any of the Commission's findings of fact pertaining to Dr. Kelly's testimony.