Crawford v. McLaurin Trucking Co.

SHIRLEY CRAWFORD, Widow, THEODORE CRAWFORD, Deceased, Employee-Plaintiff v. McLAURIN TRUCKING COMPANY, Employer-Defendant, and SELF/ALEXSIS, INC., Carrier-Defendant

No. 8510IC730

(Filed 3 December 1985)

Master and Servant § 94.3— workers' compensation—time of appeal to Full Commission—plaintiff misled by Commission's erroneous notice

Where an opinion and award of a deputy commissioner of the Industrial Commission was mailed to the parties with an attached notice of appeal rights erroneously indicating that the opinion was the decision of the Full Commission and that the parties could appeal to the Court of Appeals within thirty days, the Industrial Commission properly ruled that plaintiff was excusably misled by the Commission's error and properly denied defendants' motion to dismiss plaintiff's appeal to the Full Commission because plaintiff failed to give notice of appeal within fifteen days from the date of notification of the deputy commissioner's opinion and award as required by N.C.G.S. 97-85.

APPEAL by defendants from an order of the North Carolina Industrial Commission filed 7 March 1985. Heard in the Court of Appeals 2 December 1985.

This claim for workers' compensation was heard before a Deputy Commissioner on 24 May 1984. On 11 January 1985 the Deputy Commissioner filed an opinion and award denying benefits and mailed it to the parties. Attached to the opinion and award was a Notice of Appeal Rights indicating that the opinion and award was the decision of the Full Commission and that the parties could appeal to the Court of Appeals within 30 days. On 31 January 1985 plaintiff's counsel wrote the Commission, stating that he was not aware that the Full Commission had heard the claim and requesting clarification of the information received, and he attached thereto a Notice of Appeal to the Full Commission. On 11 February 1985 the Commission notified both parties that the appeal had been docketed for hearing by the Full Commission. Defendants moved to dismiss the appeal because it was not taken within 15 days of notice of the Deputy Commissioner's opinion and award as required by G.S. 97-85. The Commission ruled that plaintiff had been excusably misled by the Commission's error and denied the motion.

*Linwood O. Foust and Donnie Hoover for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Thomas E. Williams, for defendant appellants.*

PHILLIPS, Judge.

The decision of the Industrial Commission is correct and we affirm it. Though G.S. 97-85 requires that appeal from an opinion and award of a Deputy Commissioner be taken within 15 days from the date a party is notified of the Deputy Commissioner's opinion and award, this requirement is based on the presumption that the notice given was correct. G.S. 97-84 requires that when the Commission or one of its deputies determines a dispute before it that a copy of the opinion and award be sent to the parties; this necessarily means a true copy. Since the law permits appeals only from actual rather than supposed decisions, the incorrect notice of a decision that had not been made had no effect on plaintiff's right to appeal from the decision that was made.

Affirmed.

Judges WELLS and COZORT concur.