ALLEN v. FOOD LION, INC.

[117 N.C. App. 289 (1994)]

Judge ORR dissents.

━━━━━━━━━

CATHERINE C. ALLEN, EMPLOYEE, PLAINTIFF v. FOOD LION, INC., SELF-INSURED EMPLOYER (ALEXSIS, INC., SERVICING AGENT), DEFENDANT

No. 9410IC95

(Filed 6 December 1994)

**Workers' Compensation § 412 (NCI4th)— motion for relief due to excusable neglect—authority of Industrial Commission**

The Industrial Commission has the inherent power and authority, in its discretion, to consider defendant's motion for relief due to excusable neglect so as to allow defendant's appeal to proceed to the Commission.

**Am Jur 2d, Workers' Compensation § 686.**

Appeal by defendant from dismissal entered 25 October 1993 by The North Carolina Industrial Commission. Heard in the Court of Appeals 18 October 1994.

*Richard L. Cannon, III for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff Catherine C. Allen sustained a back injury while working for defendant Food Lion, Inc. on 15 March 1990. On 21 January 1993,

ALLEN v. FOOD LION, INC.

[117 N.C. App. 289 (1994)]

Deputy Commissioner Lawrence B. Shuping, Jr. filed an Opinion and Award in which he found and concluded that plaintiff sustained a compensable award on the aforementioned date. This Opinion and Award was received by defendant's counsel on 27 January 1993. Defendant's counsel filed a notice of appeal to the Full Commission (hereafter, the Commission) on 12 February 1993, sixteen days after receipt of the Opinion and Award. Plaintiff moved to dismiss defendant's appeal, contending that defendant's appeal was untimely pursuant to North Carolina General Statutes § 97-85 (1991). Defendant's counsel filed a response to plaintiff's motion to dismiss and a motion for relief due to excusable neglect on 30 March 1993. On 25 October 1993, Commissioner J. Randolph Ward filed an order denying defendant's motion and granting plaintiff's motion to dismiss. Defendant filed timely notice of appeal to our Court.

Defendant argues on appeal that the Commission erred in dismissing defendant's appeal to the Commission and in failing to find and conclude that the Commission has the inherent power and authority to allow defendant's appeal to proceed to the Commission. As an initial matter, we note that North Carolina General Statutes § 97-84 (1991) provides for the determination of disputes by the Commission or a deputy, and that North Carolina General Statutes § 97-85, which discusses review of an award, states in pertinent part:

If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]

See also Hubbard v. Burlington Industries, 76 N.C. App. 313, 332 S.E.2d 746 (1985).

North Carolina General Statutes § 97-86 (1991), entitled "Award conclusive as to facts; appeal; certified questions of law[,]" states in pertinent part:

The award of the Industrial Commission, as provided in G.S. 97-84, if not reviewed in due time, . . . shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of such award or within 30 days after receipt of notice to be sent by registered mail or certified mail of such award, but not thereafter, appeal from the decision

of said Commission to the Court of Appeals for errors of law under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions.

Notwithstanding this statutory language found in North Carolina General Statutes § 97-85 and North Carolina General Statutes § 97-86, we consider whether the Commission has the inherent power and authority, in its discretion, to consider defendant's motion for relief due to excusable neglect. *Crawford v. McLaurin Trucking Co.*, 78 N.C. App. 219, 336 S.E.2d 647 (1985) is instructive on this issue.

In *Crawford*, a claim for workers' compensation was heard on 24 May 1984 before a Deputy Commissioner; on 11 January 1985, the Deputy Commissioner filed an Opinion and Award denying benefits and mailed it to the parties. Attached to the Opinion and Award was a "Notice of Appeal Rights" which indicated that the Opinion and Award was the decision of the Commission and which noted that the parties could appeal to the Court of Appeals within thirty days. On 31 January 1985, the plaintiff's counsel wrote the Commission and stated that he was not aware the matter had been heard before the Commission; the plaintiff requested clarification of this matter and attached a notice of appeal to the Commission. The Commission docketed the appeal for hearing and the defendants moved to dismiss the appeal because it was not taken within fifteen days of notice of the Deputy Commissioner's Opinion and Award. The Commission denied the motion, ruling that the plaintiff "had been excusably misled by the Commission's error." *Id.* at 219, 336 S.E.2d at 648.

Although the denial of the motion in *Crawford* was due to excusable neglect of the Commission, we nonetheless allowed the Commission to deny the defendants' motion. Similarly, we find in the instant case that the Commission has the inherent power and authority, in its discretion, to consider defendant's motion for relief due to excusable neglect. In so observing, we cite *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985). Although *Hogan* did not address the issue of a statutory time limit, we quote the Supreme Court's language regarding the Commission's inherent powers:

We believe the Industrial Commission . . . has inherent power to set aside one of its former judgments. Although this power is analogous to that conferred upon the courts by N.C.R. Civ. P. 60(b)(6), it arises from a different source. We conclude the statutes creating the Industrial Commission have by implication clothed the Commission with the power to provide this remedy, a

remedy related to that traditionally available at common law and equity and codified by Rule 60(b). This power inheres in the judicial power conferred on the Commission by the legislature and is necessary to enable the Commission to supervise its own judgments.

*Id.* at 137, 337 S.E.2d at 483.

Defendant further argues that the Commission erred in denying defendant's motion for relief due to excusable neglect and in failing to exercise their discretion to allow defendant's appeal to proceed to the Commission. In light of our ruling as to the first issue in this matter, we remand this case to the Commission so that the Commission may address defendants' motion consistent with this opinion.

Remanded.

Judges MARTIN and THOMPSON concur.