MAROLF CONSTRUCTION INC., PETITIONER v. ALLEN'S PAVING COMPANY, RESPONDENT

No. COA02-297

(Filed 17 December 2002)

**Arbitration and Mediation— caption of arbitration award— clerical error—service of process**

The trial court did not err in a construction case by denying respondent subcontractor's motions to dismiss based on lack of service of process and the fact that the original caption of arbitration award referred to petitioner as "Marolf Construction Company" instead of "Marolf Construction, Inc." without the error being corrected within the ninety days provided under N.C.G.S. § 1-567.14, because: (1) respondent was properly served in accordance with the American Arbitration Association's Construction Industry Arbitration Rules; and (2) the trial court may examine the record and correct a clerical error after the ninety-day limitation period has expired.

Appeal by respondent from order entered 16 November 2001 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 October 2002.

*Johnston, Allison & Hord, P.A., by Greg C. Ahlum and Alicia Almeida Bowers, for petitioner-appellee.*

*Gabriel, Berry & Weston, L.L.P., by Richard W. Gabriel and Robert A. Wells, for respondent-appellant.*

CAMPBELL, Judge.

Respondent appeals from an order entered 16 November 2001 denying respondent's motions to dismiss and confirming an arbitration award. Respondent, a subcontractor, entered into a contract with petitioner, a general contractor, on 23 July 1999.

A dispute arose between the parties, and petitioner chose to pursue a resolution through arbitration. On 6 December 1999, petitioner made a demand for arbitration. Thereafter, the case manager from the American Arbitration Association ("AAA") communicated with the parties by: a letter, sent through regular mail, of a postponement of a deadline; a letter, via facsimile, of appointment of an arbitrator; and a letter, via United Parcel Service ("UPS") overnight delivery, schedul-

ing a preliminary hearing. The case manager sent by certified mail and signed for by Allen Willett ("Willett"), for respondent, Allen's Paving Company, a letter confirming that a preliminary hearing had been held, and notifying respondent of the time and place for the arbitration hearing. Following the hearing, the case manager sent a letter, via certified mail and signed for by Willett for respondent, confirming the hearing was held, and notifying respondent that the arbitrator's decision was due within two weeks. Lastly, the case manager sent the arbitration award, via certified mail and signed for by Willett for respondent. Thereafter, respondent contacted the case manager and asked to have the case re-arbitrated. The AAA responded that it considered the matter closed.

On 22 February 2001, petitioner filed a petition for a confirmation of the arbitration award. Respondent timely filed a response to the petition. Thereafter, respondent filed a motion to dismiss because in the caption of the arbitration award petitioner was referred to as "Marolf Construction Company" and not Marolf Construction, Inc., and a motion to dismiss for lack of service of process and lack of jurisdiction. Petitioner filed a clarification by the arbitrator stating that "Marolf Construction Company" was error, and meant to refer to petitioner, Marolf Construction, Inc. A hearing on the matter was held on 14 November 2001. On 16 November 2001, Judge Marvin K. Gray ordered the arbitration award confirmed for Marolf Construction, Inc., and denied respondent's motions to dismiss. Respondent appeals.

Respondent asserts the trial court erred by (I) failing to vacate the arbitration award for lack of service of process and (II) confirming the arbitration award with correction of petitioner's name.

## I. Service of Process

Respondent asserts the trial court erred by failing to dismiss petitioner's petition for confirmation of the arbitration award due to lack of service of process. Respondent argues the Uniform Arbitration Act, codified in North Carolina General Statutes Chapter 1, Article 45A, controls. Regarding the hearing, the statute provides: "*Unless otherwise provided by the agreement*: (1) The arbitrators shall appoint a time and place for the hearing and cause notification to the parties to be served personally or by registered mail not less than five days before the hearing." N.C. Gen. Stat. § 1-567.6 (2001) (emphasis added). Regarding notification of the award, the statute provides:

**MAROLF CONSTR., INC. v. ALLEN'S PAVING CO.**

[154 N.C. App. 723 (2002)]

"The arbitrators shall deliver a copy to each party personally or by registered mail, or *as provided in the agreement*." N.C. Gen. Stat. § 1-567.9 (2001) (emphasis added).

Petitioner asserts the contract provided for the rules of the AAA to govern service of process. The contract provided, in pertinent part, that if a dispute should arise between the parties, "then Contractor shall have the option to (a) litigate the matter in a court of competent jurisdiction in Mecklenburg County, N.C., or (b) settle the matter by arbitration in Mecklenburg County, N.C. in accordance with the American Arbitration Association's Construction Industry Arbitration Rules, then in effect."

The AAA's Construction Industry Rule 40, as in effect during this time period, provided for service as follows:

> *Each party shall be deemed to have consented that any papers, notices,* or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith; or for the entry of judgment on any award made under these rules, *may be served on a party by mail addressed to the party or its representative at the last known address* or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party.

> *The AAA, the parties, and the arbitrator may also use overnight delivery, electronic facsimile (fax),* telex, and telegram. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other method of communication.

Moreover, Rule 46 controls delivery of the award to the parties, and provides: "[p]arties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any other manner that is permitted by law."

Petitioner is correct in his assertion that N.C. Gen. Stat. § 1-567.6's language "[u]nless otherwise provided by the agreement" permits the parties to make an agreement to follow rules other than those provided in the statute. In this case, the parties agreed to follow the AAA rules for the construction industry. Therefore, the issue is whether or not petitioner and the case manager for the AAA properly

served respondent in accordance with these AAA rules. The case manager for the AAA served respondent via facsimile, UPS overnight delivery, and certified mail to respondent's last known address, all of which are permitted by the AAA rule in effect at the time. Therefore, we find the trial court did not err in denying respondent's motion to dismiss for failure to properly serve respondent.

## II. Clarification of petitioner's name

Respondent asserts the trial court erred by confirming the award of the arbitrator in favor of petitioner, Marolf Construction, Inc. The arbitrator erred in the caption of the award by referring to petitioner as Marolf Construction Co. rather than Marolf Construction, Inc. Respondent argues that since the award was not corrected within ninety days, pursuant to N.C. Gen. Stat. § 1-567.14 (2001), the trial court should not have confirmed the award. Respondent is incorrect. This Court held recently that where the ninety-day limitation had expired, the trial court may nevertheless examine the record and interpret an ambiguous term in an arbitration award. *General Accident Ins. Co. of Am. v. MSL Enters., Inc.*, 143 N.C. App. 453, 460, 547 S.E.2d 97, 101, *disc. review denied*, 354 N.C. 217, 553 S.E.2d 402 (2001). We hold the trial court may likewise examine the record and correct a clerical error. A clerical error is " '[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.' " *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting Black's Law Dictionary 563 (7th ed. 1999)). Here, the arbitrator's reference to petitioner as Co. instead of Inc. is a clerical error and was properly corrected by the trial court.

Affirmed.

Judges WALKER and McCULLOUGH concur.