**JACKSON v. FLAMBEAU AIRMOLD CORP.**

[165 N.C. App. 875 (2004)]

———————

LARRY E. JACKSON, EMPLOYEE, PLAINTIFF v. FLAMBEAU AIRMOLD CORP., EMPLOYER, AND LIBERTY MUTUAL INSURANCE CO., CARRIER, DEFENDANTS

No. COA02-1326

(Filed 17 August 2004)

**Workers' Compensation— dismissal of claim—notice and findings insufficient**

The sua sponte dismissal of a workers' compensation claim for failure to prosecute was improper, as was the failure to make necessary findings and conclusions supporting the order.

**JACKSON v. FLAMBEAU AIRMOLD CORP.**

[165 N.C. App. 875 (2004)]

Appeal by plaintiff from an order entered 19 March 2002 by Chairman Buck Lattimore of the North Carolina Industrial Commission. Heard in the Court of Appeals 10 September 2003.

*Lawrence, Rigsbee & Best, P.A., by Natarlin R. Best, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by P. Collins Barwick, III, Tracy C. Myatt, and Kari R. Johnson, for defendants-appellees.*

GEER, Judge.

Plaintiff Larry E. Jackson appeals the North Carolina Industrial Commission's dismissal of his claim with prejudice for failure to prosecute. Because the Commission did not provide plaintiff with notice and an opportunity to be heard prior to dismissing his claim and because the Commission failed to support its decision with the required findings of fact and conclusions of law, we reverse and remand for further proceedings.

On 25 August 1998, Deputy Commissioner Mary Moore Hoag entered an opinion and award concluding that plaintiff had contracted the occupational disease of bilateral carpal tunnel syndrome as a result of his work for defendant-employer and that he had sustained a compensable injury by accident to his shoulder on 26 April 1996 when he attempted to open a jammed door on defendant-employer's blow mold machine. She awarded temporary total disability "until he returns to work or until further Order of the Commission."

Due to his wife's employment, plaintiff subsequently moved to Japan, spending most of the year there with his family, but returning to North Carolina for a portion of each summer. In 2001, a dispute arose related to plaintiff's undergoing bilateral carpel tunnel surgery. Plaintiff requested a hearing because of "[d]efendant's failure to provide payment and reimbursement for necessary medical expenses relating [to] hand-occupational disease [and] shoulder accidents arising from employment[.]" Defendants responded that "plaintiff-employee has not made himself available for previously authorized carpal tunnel releases agreed to by defendants."

The hearing was continued from the 5 June 2001 docket until an unspecified date because plaintiff was out of the country until 18 June 2001 and plaintiff's counsel had a conflict. On 19 June 2001, plaintiff's counsel, by letter to Chief Deputy Commissioner Stephen

Gheen, requested a special setting of the previously scheduled hearing and that the hearing be conducted by teleconference. The record does not indicate that the Commission addressed this request. On 11 July 2001, counsel for defendants wrote Deputy Commissioner Morgan Chapman reporting that he had received a calendar setting the case for hearing on 21 August 2001. He wrote: "I believe you will be contacted in the near future regarding particular issues which are pending and plaintiff's difficulty in remaining in the United States for the hearing on August 21st." Counsel for defendants suggested that "it may assist everyone to have a pre-hearing conference with you by telephone or in person if you have the time prior to hearing this case."

In a letter dated 15 August 2001 to Deputy Commissioner Chapman, counsel for defendants indicated that the parties had participated in a conference call with the deputy commissioner. Counsel also reported that plaintiff's counsel had informed him by telephone on or about 13 August 2001 that the plaintiff would be returning to Japan prior to the hearing date and that "she would be arranging some type of telephonic arrangement for Mr. Jackson to allegedly appear at the hearing on Tuesday, August 21st by phone from Japan." Counsel for defendants objected to this arrangement and asked that the case be removed from the 21 August 2001 setting or continued to a later date before Deputy Commissioner Chapman so that appropriate arrangements could be made.

The next document in the record is an Order of Dismissal by Deputy Commissioner Chapman filed 29 August 2001. The order stated:

At the call of this case for hearing, there was no appearance by either plaintiff or defendants. The undersigned was subsequently informed that [plaintiff's counsel] had called [defense counsel] and had advised him that these cases had been dismissed by Deputy Commissioner Taylor. In fact, these had not been dismissed and, since Deputy Commissioner Taylor did not have the cases pending before her, no order would have been filed in the cases by Deputy Commissioner Taylor.

These cases had been set on two previous occasions and had not been heard in large part because plaintiff had moved to Japan and was not available for the hearing. He had returned to this country for surgery regarding these claims this summer and was expected to be at the hearing. Although [defense counsel] indicated prior to the date of hearing that [plaintiff's counsel] wanted

to take plaintiff's testimony by telephone, plaintiff had not requested that option and had not been granted permission to take his testimony by telephone. [Plaintiff] was expected to be at the hearing. In view of the problems in this case, the case would not have been continued barring extraordinary circumstances. Assuming the accuracy of the information provided, it was unreasonable for [plaintiff's counsel's] office to not examine the document to determine the parties involved. Furthermore, there has been no written communication from [plaintiff's counsel] since the date of hearing. Consequently, it appears that these cases should be dismissed.

There are no materials in the record that help explain more clearly to this Court what precisely occurred that caused the parties not to appear at the hearing.

Plaintiff moved for reconsideration, stating that counsel for plaintiff had followed up with counsel for defendants regarding his 15 August 2001 request for a continuance. Counsel for defendants had indicated that he had a conflict on 21 August 2001 because he had another hearing scheduled for the same date. Deputy Commissioner Chapman declined to address the request for reconsideration because plaintiff had already appealed to the Full Commission.

On appeal, an administrative panel of the Full Commission affirmed Deputy Commissioner Chapman's order. The Commission's order stated in its entirety:

The undersigned have reviewed the competent evidence of record. Having found no good grounds to reconsider the evidence, receive further evidence, or hear the parties or their representatives, the Full Commission AFFIRMS the Order of Dismissal of the Deputy Commissioner and plaintiff's claim is hereby DISMISSED WITH PREJUDICE.

Plaintiff has appealed from this order of dismissal.

N.C. Gen. Stat. § 97-80(a) (2003) grants the Industrial Commission the power to make rules consistent with the Workers' Compensation Act in order to carry out the Act's provisions. Under the authority of this statute, the Commission adopted Rule 613(1)(c). That rule states:

*Upon proper notice and an opportunity to be heard,* any claim may be dismissed with or without prejudice by the

Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission.

Workers' Comp. R. of N.C. Indus. Comm'n 613(1)(c), 2002 Ann. R. (N.C.) 770 (emphasis added). Because the deputy commissioner's order dismissed· plaintiff's claim for failure to prosecute, she was required to comply with Rule 613(1)(c).

By its terms, Rule 613(1)(c) dictates that a claim not be dismissed unless the affected party is given notice and an opportunity to be heard. In this case, dismissal was ordered *sua sponte* by the deputy commissioner, with neither party receiving notice that such an order was pending or contemplated. This procedure violated Rule 613(1)(c). *Lee v. Roses,* 162 N.C. App. 129, 131-32, 590 S.E.2d 404, 406 (2004) ("Rule 613(1)(c) of the Workers' Compensation Rules permits the dismissal·of a claim with prejudice for failure to prosecute upon proper notice and an opportunity to be heard.").

Further, in *Lee,* this Court reversed an order of the Full Commission under Rule 613(1)(c) when, as here, it failed to make findings of fact and conclusions of law necessary to support the order of dismissal. *Id.* at 131, 590 S.E.2d at 406. Under *Lee,* prior to dismissing a claim pursuant to Rule 613(1)(c), the Commission must, in its order, address three factors:

"(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice."

*Id.* at 133, 590 S.E.2d at 407 (quoting *Wilder v. Wilder,* 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)). Just as this Court observed in *Lee,* "neither the deputy commissioner nor the Full Commission made findings of fact or conclusions of law addressing any of the above cited factors. Thus, the order is not sufficient as a matter of law to dismiss the plaintiff's claim with prejudice for failure to prosecute." *Id.* at 133, 590 S.E.2d at 407.

Accordingly, the Full Commission in this case erred when it summarily affirmed the deputy commissioner's order entered without notice and an opportunity to be heard and when it failed to make the necessary findings of fact and conclusions of law to support its order. The order of dismissal is reversed and this case is remanded

**LAND v. TALL HOUSE BLDG. CO.**

[165 N.C. App. 880 (2004)]

to the Industrial Commission for further proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MARTIN and Judge BRYANT concur.