CHARLES EGEN, Employee, Plaintiff v. EXCALIBUR RESORT PROFESSIONAL, Employer, TRAVELERS INSURANCE COMPANY, Carrier, Defendants

No. COA07-1204

(Filed 5 August 2008)

**Workers' Compensation— notice sent by email—sending to agent rather than directly to attorney—excusable neglect**

The Industrial Commission erred in a workers' compensation case by granting defendants' motion to dismiss and denying plaintiff's motion for reconsideration based on excusable neglect for failure to file the appeal within the fifteen-day period required by statute when the Commission emailed its opinion and award to plaintiff's attorney's employee rather than emailing it directly to · plaintiff's attorney because: (1) although it was permissible for the Commission to serve notice to plaintiff's employee as his agent and to use email, all the surrounding circumstances showed that it was excusable neglect for the employee to assume she was blind copied in the email since her name did not appear on the "To" line, and to assume that her boss had actually been emailed the opinion and award as the "To" line was addressed to her boss

and another attorney; and (2) based on the employee's ten years of experience, the lack of any Commission rules regarding the use of email which could have put her on notice that an opinion and award may arrive by email, and the appearance of the email, it was excusable neglect for the employee to conclude that her boss had also been sent a copy of the email and for her not to realize that plaintiff's right to appeal would depend upon her delivery of the email to her boss.

Judge HUNTER concurring.

Appeal by plaintiff from orders entered 7 June and 23 July 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 March 2008.

*Bollinger & Piemonte, PC, by Bobby L. Bollinger, Jr., for plaintiff-appellant.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Samuel E. Barker, for defendant-appellees.*

STROUD, Judge.

Deputy Commissioner Myra L. Griffin issued an opinion and award which, *inter alia*, denied plaintiff's claim for additional benefits. Plaintiff attempted to appeal the opinion and award to the Full Commission, and defendants filed a motion to dismiss the appeal as untimely. Plaintiff filed a motion for relief due to excusable neglect. Defendants' motion to dismiss was granted, and plaintiff filed a motion for reconsideration. Plaintiff's motion for reconsideration was denied. Plaintiff appeals both the granting of defendants' motion to dismiss and the denial of his motion for reconsideration. For the following reasons, we reverse and remand.

I. Background

On or about 26 April 2007, Deputy Commissioner Myra L. Griffin issued an opinion and award which, *inter alia*, denied plaintiff's claim for additional benefits. Deputy Commissioner Griffin's opinion and award was sent by email only to defendant's counsel and to a legal assistant in the office of plaintiff's counsel. The facts regarding the delivery of the opinion and award are not in dispute.

In a letter to the Industrial Commission ("Commission"), dated 16 May 2007, plaintiff's attorney, Bobby L. Bollinger, described the cir-

cumstances regarding his receipt of the opinion and award, in pertinent part, as follows:

> Please accept this letter as the Plaintiff's Notice of Appeal of the Opinion and Award filed on April 26, 2007 by Deputy Commissioner Griffin.

> Please note that I did not personally see the Opinion and Award until May 14, although it was apparently served exclusively by email on April 26, with that email being sent directly to defense counsel Sam Barker. However, that email was not sent directly to me, but rather to a clerical employee in my office who did not understand the significance of the email. I believe that the email to the Plaintiff should have been sent directly to me, rather than to a clerical employee, as the rules generally prevailing as to service of process require service on the attorney of record, not upon his clerical support staff. Furthermore, it is unfair to serve it directly on the lawyer for one party and not serve it at the same time directly on the lawyer for the other party. In the past, we have received unfavorable Opinions from the Commission by certified mail, return receipt requested. This one has yet to arrive in that fashion.

On or about 22 May 2007, defendants filed a motion to dismiss plaintiff's appeal because it was untimely. On or about 25 May 2007, plaintiff filed a response to defendants' motion to dismiss and also filed a motion for relief due to excusable neglect. In a letter dated 30 May 2007, defendants wrote to Chairman Lattimore and requested their letter serve as their response to plaintiff's response to defendants' motion to dismiss and to plaintiff's motion for relief. On 7 June 2007, Chairman Buck Lattimore issued an order granting defendants' motion to dismiss.

On or about 18 June 2007, plaintiff filed a motion for reconsideration along with an affidavit from Janice A. Craig ("Ms. Craig") which read in pertinent part,  .

> 1. I am a legal assistant employed by the law firm of Bollinger & Piemonte, PC.

> 2. On Thursday, April 26, 2007, I received an email from Cheryl Powell at the Industrial Commission, which appeared to be sent to Bobby Bollinger and Sam Barker attaching the Opinion and Award for the above-referenced case. Please see the attached Exhibit "A". The email stated that failure to acknowledge receipt

will result in sanctions. I emailed back that we did, in fact, receive the email.

3. It appeared to me that that [sic] the email was sent to Mr. Bollinger and I was simply "blind copied" with the email because my name did not appear on the "To" line. Instead, the following are the only names that appear on the "To" line: "Bobby Bollinger; Sam Barker". See attached Exhibit "A".

4. Because I thought I had simply been "blind copied" and that the email had gone directly to Mr. Bollinger, I did not notify him that I had received the email. I know that Mr. Bollinger checks his email frequently throughout the day. Furthermore, neither the body of the email nor the attachment to it mentioned any deadlines for appeal rights. The usual notice that the Commission includes when it mails Opinions and Awards to us, Exhibit "C," was not included.

5. On May 15, Mr. Bollinger asked me to pull up the April 26 email. We then used the "properties" radio button to identify the email addresses to which the Commission had sent the email. This revealed that the email had been sent directly to Mr. Barker and directly to Janice Craig, but not to Mr. Bollinger. See Exhibit "B" attached hereto.

I have worked with this firm for a decade. During this time, we have received many Opinions and Awards and other Orders from the Commission. This case is the only instance in the past ten (10) years that I am aware of in which we received an Opinion and Award by way of email.

On 23 July 2007, Chairman Buck Lattimore denied plaintiff's motion for reconsideration.

Plaintiff appeals both the granting of defendants' motion to dismiss and the denial of his motion for reconsideration. The issues before this Court are (1) whether the Commission erred by emailing its opinion and award to plaintiff's attorney's employee, rather than emailing it directly to plaintiff's attorney or using some alternative reliable means of notification, and (2) whether the Commission erred in denying plaintiff's motions for appropriate relief and reconsideration due to excusable neglect.

## II. Motion to Dismiss

Plaintiff argues that the Commission erred

**EGEN v. EXCALIBUR RESORT PROF'L**

[191 N.C. App. 724 (2008)]

by serving the unfavorable Deputy Commissioner Opinion and Award upon a clerical employee in plaintiff's counsel's office by email transmission, rather than directly to plaintiff's counsel or to plaintiff's counsel's office by certified mail, return receipt requested or some other obvious, reliable and effective means.

Chairman Buck Lattimore determined in his order granting defendants' motion to dismiss plaintiff's appeal that

Janice Craig, plaintiff's attorney's legal assistant, received notice of the Opinion and Award by email on April 26, 2007[, and that] [p]laintiff's notice of appeal to the Full Commission was made twenty (20) days after receiving notice of the deputy commissioner's Opinion and Award. Therefore plaintiff's appeal to the Full Commission was not timely made pursuant to N.C. Gen. Stat. § 97-85.[1]

Plaintiff did not assign error to the determinations, noted *supra*, in the order, but rather argues that the Commission erred in the manner in which it served notice upon him, specifically by (1) notifying plaintiff's attorney's employee, rather than plaintiff's attorney directly and (2) using email as the means of providing notice.

A. Standard of Review

Our review of a decision of the Industrial Commission is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law. The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings. This Court reviews the Commission's conclusions of law *de novo*.

*Ramsey v. Southern Indus. Constructors Inc.*, 178 N.C. App. 25, 29-30, 630 S.E.2d 681, 685 (internal citations and internal quotation marks omitted), *disc. rev. denied*, 361 N.C. 168, 639 S.E.2d 652 (2006).

B. Notice to Plaintiff's Attorney's Employee

"An agent is one who, by the authority of another, undertakes to transact some business or manage some affairs on account of such other, and to render an account of it. He is a substitute, or deputy, appointed by his principal primarily to bring about business relations

---

1. *See* N.C. Gen. Stat. § 97-85 (2001) (requiring that appeal to the Full Commission must be made "within 15 days from the date when notice of the award shall have been given[.]").

between the latter and third persons." *SNML Corp. v. Bank*, 41 N.C. App. 28, 36, 254 S.E.2d 274, 279 (1979). "[T]he general agency doctrine holds the principal responsible for the acts of his agent[.]" *Ellison v. Gambill Oil Co., Inc.*, 186 N.C. App. 167, 175, 650 S.E.2d 819, 824 (2007) (citation, quotation marks, and ellipses omitted). Furthermore, in *Cornell v. Western and S. Life Ins. Co.*, this Court determined that notice of the deputy commissioner's opinion and award was effective when received via fax by the law firm, not by the individual attorney assigned to the case. 162 N.C. App. 106, 111, 590 S.E.2d 294, 298 (2004). As plaintiff does not argue that Ms. Craig was not his agent, but only that it was not proper to serve notice upon her, we conclude that the Commission could properly serve notice upon plaintiff's attorney through his employee, his agent. *See Ellison* at ——, 650 S.E.2d at 824; *Cornell* at 111, 590 S.E.2d at 297-98; *SNML Corp.* at 36, 254 S.E.2d at 279.

C. Notice via Email

Our research of relevant law reveals that plaintiff is correct in noting that "[t]here is nothing in the Worker's Compensation Act, or in the Industrial Commission's Rules for Workers' Compensation cases, that allows the Industrial Commission to serve Opinions and Awards on parties or their counsel by way of email." However, defendants are also correct in noting that "there is no rule prohibiting transmission of an Opinion and Award by way of email[.]"[2]

"N.C. Gen. Stat. § 97-80(a) . . . grants the Industrial Commission the power to make rules consistent with the Workers' Compensation Act in order to carry out the Act's provisions." *Jackson v. Flambeau Airmold Corp.*, 165 N.C. App. 875, 878, 599 S.E.2d 919, 921 (2004); *see* N.C. Gen. Stat. § 97-80(a) (2001) ("The Commission may make rules, not inconsistent with this Article, for carrying out the provisions of this Article.").

> The North Carolina Industrial Commission has the power not only to make rules governing its administration of the act, but also to construe and apply such rules. Its construction and application of its rules, duly made and promulgated, in proceedings pending before the said Commission, ordinarily are final and conclusive and not subject to review by the courts of this State, on an appeal from an award made by said Industrial Commission.

---

2. N.C. Gen. Stat. § 97-86 requires that awards from the Full Commission "be sent by registered mail or certified mail[.]" N.C. Gen. Stat. § 97-86 (2001).

*Winslow v. Carolina Conference Ass'n*, 211 N.C. 571, 579-80, 191 S.E. 403, 408 (1937). As the statutory language only requires *notice* of the opinion and award, *see* N.C. Gen. Stat. § 97-85, *see generally Cornell* at 111, 590 S.E.2d at 297 (determining notice of the opinion and award from deputy commissioner was proper when sent via fax), and as there is no rule expressly prohibiting the use of email for notification purposes, we conclude that the Industrial Commission did not err in notifying plaintiff's attorney of the opinion and award through email.[3]

However, we also note that when email is used as the means of communication for important documents within our judicial system and administrative bodies, there are normally clearly delineated rules or guidelines for its use, which often require acquiescence to email as a method of communication. *See, e.g.*, N.C. Gen. Stat. § 45-36.5(a)(2) (2007) ("A person gives a notification by . . . [s]ending it by facsimile transmission, electronic mail, or other electronic transmission to the recipient's address for giving a notification, but only if the recipient agreed to receive notification in that manner."); *Marolf Constr. Inc. v. Allen's Paving Co.*, 154 N.C. App. 723, 725, 572 S.E.2d 861, 862-63 (2002) ("The AAA's[, American Arbitration Association,] Construction Industry Rule 40 . . . provided for service . . . [w]here all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other method of communication."), *cert. denied*, 356 N.C. 673, 577 S.E.2d 625 (2003). At the very least, rules governing permissible means of notification usually state whether and under what circumstances email may be used. *See, e.g.*, N.C. Gen. Stat. §§ 47C-3-108, 58-35-85(a)-(b) (2007). Therefore, if the Commission has begun a practice of using email for purposes of notification regarding opinion and awards upon which appeal rights will depend, we strongly encourage the Commission to establish rules for the use of email, so that all parties and counsel can be aware of the possibility that they may receive important, time-sensitive documents in this manner.

D. Excusable Neglect

The order granting defendants' motion to dismiss stated it did not find excusable neglect. "[T]he Commission has the inherent power and authority, in its discretion, to consider defendant's motion for relief due to excusable neglect." *Allen v. Food Lion, Inc.*, 117 N.C. App. 289, 291, 450 S.E.2d 571, 572 (1994) (citing *Hogan v. Cone Mills*

---

3. No rule permits or prohibits the use of fax to provide notice of an opinion and award from a Deputy Commissioner, but such notice was approved by this Court in *Cornell. See Cornell* at 162 N.C. 111, 590 S.E.2d 297 (2004).

*Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985)); *see generally* N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2001). "Whether excusable neglect has been shown is a question of law, not a question of fact." *Equipment, Inc. v. Lipscomb*, 15 N.C. App. 120, 122, 189 S.E.2d 498, 499 (1972). "This Court reviews the Commission's conclusions of law *de novo*." *Ramsey* at 29-30, 630 S.E.2d at 685. "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). "Deliberate or willful conduct cannot constitute excusable neglect, . . . nor does inadvertent conduct that does not demonstrate diligence[.]" *Couch v. Private Diagnostic Clinic*, 133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (internal citation omitted), *aff'd*, 351 N.C. 92, 520 S.E.2d 785 (1999).

Considering "all the surrounding circumstances . . . [and what] may be reasonably expected of a party in paying proper attention to his case" we conclude that it was excusable neglect for Ms. Craig (1) to assume she was blind copied in the email because her "name did not appear on the 'To' line," and (2) to assume that Mr. Bollinger had actually been emailed the opinion and award as the 'To' line was addressed to Bobby Bollinger and Sam Barker. *See Couch* at 103, 515 S.E.2d at 38; *Thomas M. McInnis & Assoc., Inc.* at 425, 349 S.E.2d at 555. Furthermore, Ms. Craig stated in her affidavit,

> I have worked with this firm for a decade. During this time, we have received many Opinions and Awards and other Orders from the Commission. This case is the <u>only</u> instance in the past ten (10) years that I am aware of in which we received an Opinion and Award by way of email.

(Emphasis in original). Based on her ten years of experience, the lack of any Commission rules regarding the use of email which could have put her on notice that an opinion and award may arrive by email, and the appearance of the email, it was excusable neglect for Ms. Craig to conclude that Mr. Bollinger had also been sent a copy of the email and for her not to realize that plaintiff's right to appeal would depend upon her delivery of the email to Mr. Bollinger. *See Couch* at 103, 515 S.E.2d at 38; *Thomas M. McInnis & Assoc., Inc.* at 425, 349 S.E.2d at 555. Therefore, the failure of Mr. Bollinger to file the appeal within the 15 day period required by statute was excusable neglect due to the actions of his agent. *See Ellison* at 175, 650 S.E.2d at 824; *Couch* at 103, 515 S.E.2d at 38; *Thomas M. McInnis & Assoc., Inc.* at 425, 349 S.E.2d at 555; *SNML Corp.* at 36, 254 S.E.2d at 279.

### III. Conclusion

Though it was not error for the Commission to serve notice on plaintiff's attorney of the opinion and award of the deputy commissioner by email and through plaintiff's attorney's agent, *see* N.C. Gen. Stat. § 97-85; *Ellison* at 175, 650 S.E.2d at 824; *Cornell* at 111, 590 S.E.2d at 297; *SNML Corp.* at 36, 254 S.E.2d at 279, we do conclude that the Commission erred in not finding excusable neglect on the part of plaintiff's attorney for the reasons as stated above. Therefore, we reverse the order granting defendants' motion to dismiss and remand this case to the Full Commission for further proceedings not inconsistent with this opinion. As we are reversing the granting of defendants' motion to dismiss we need not address plaintiff's argument as to his motion for reconsideration.

REVERSED AND REMANDED.

Judge ELMORE concurs.

Judge HUNTER concurs in a separate opinion.

HUNTER, Judge, concurring.

I agree that the Industrial Commission's award and opinion must be reversed, but write separately because I would do so on different grounds.

As the majority notes, the two issues this appeal brought before us were (1) whether the Commission erred by emailing its opinion and award to plaintiff's attorney's employee, rather than emailing it directly to plaintiff's attorney or using some alternative reliable means of notification, and (2) whether the Commission erred in denying plaintiff's motions for appropriate relief and reconsideration due to excusable neglect. The majority reverses this case on the basis of the second issue; I would not reach the second, but rather reverse on the basis that email was not a valid form of communicating the Industrial Commission's ruling.

As the majority states, the Industrial Commission does have "the power to make rules consistent with the Workers' Compensation Act in order to carry out the Act's provisions." *Jackson v. Flambeau Airmold Corp.*, 165 N.C. App. 875, 878, 599 S.E.2d 919, 921 (2004); N.C. Gen. Stat. § 97-80(a) (2007) ("[t]he Commission may make rules, not inconsistent with this Article, for carrying out the provisions of

this Article"). Rule 803 of the Workers' Compensation Rules of the North Carolina Industrial Commission governs the procedure for any such new rule making:

> *Prior to* adopting, deleting, or *amending any Workers' Compensation Rule of the Industrial Commission which affects the substantive rights of parties, the Industrial Commission will give at least 30 days' notice of the proposed change in rules.* Such notice will be given by publishing, in a newspaper or newspapers of general circulation in North Carolina, notice of such proposed change. Such notice will include an invitation to any interested party to submit in writing any objection, suggestion or other comment with respect to the proposed rule change or to appear before the Full Commission at a time and place designated in the notice for the purpose of being heard with respect to the proposed rule change.

Workers' Comp. R. of N.C. Indus. Comm'n 803, 2008 Ann. R. N.C. 1063, 1092 (emphasis added). There is no question that such a process did not occur in this case. No formal rule was promulgated authorizing this previously unused method of communication; rather, this new method was employed with no prior notice to anyone, including the parties to whom it was sent. As such, no valid rule authorizing the use of email as a method of communication exists, and thus the Commission's authority to create such rules is irrelevant.

It is worth noting too that, N.C. Gen. Stat. § 97-86 (2007), which governs appeals from the Full Commission to this Court, allows *thirty* days from notice of the award and specifies that such notice must be "sent by registered mail or certified mail[.]" In contrast, per N.C. Gen. Stat. § 97-85 (2007), any appeal from the opinion and award of a deputy commissioner—as in this case—must be taken within fifteen days of the notice of the award. With the turnaround time between receipt and appeal halved, surely it is doubly important that the opinion and award from a deputy commissioner be communicated to the parties in the most reliable manner possible. The sudden use of a new method of communication—particularly one in which, as evidenced by this case, messages can so easily go astray—does not fit that description.

The majority states that, if emailing such opinions has become standard practice, "we strongly encourage the Commission to establish rules for the use of email[.]" Until such a rule is promulgated, however, the Full Commission may not simply select any method of

communication available and use it to convey the time-sensitive information contained in its opinion and award.

Thus, I would reverse this case based on the fact that the Industrial Commission has not promulgated a rule authorizing the use of email as a method of notifying parties of opinions and awards; I would therefore not reach the issue of excusable neglect.