***********
The Full Commission has reviewed the prior Orders based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the documentary evidence before Chair Young, as well as the briefs of the parties. The appealing party has shown good ground to reconsider the dismissal. The Full Commission vacates the Order of Dismissal.
 ***********
On July 29, 2009 plaintiff filed a motion to dismiss defendants' appeal for the failure to timely file notice of appeal to the Full Commission. This matter was appealed by defendants to the Full Commission from an Opinion and Award by Deputy Commissioner Glenn filed June 24, 2009. Acknowledgment forms for receipt of the Opinion and Award indicate that counsel for plaintiff and defendants received the decision on June 24, 2009. Defendants filed notice of *Page 2 
appeal to the Full Commission on July 24, 2009. By Order dated August 4, 2009, Chair Young dismissed defendants' appeal based on defendants' failure to timely file its appeal within 15 days from the date of receipt of the Opinion and Award. Defendants filed a motion to reconsider which was denied by Chair Young's Order dated August 25, 2009. Defendants have appealed both Orders of Chair Young to the Full Commission.
Pursuant to N.C. Gen. Stat. § 97-85, a party has 15 days from the date of receipt of a Deputy Commissioner's Opinion and Award to file an appeal to the Full Commission. In this case, the time for filing an appeal expired on July 9, 2009, which was 15 days after defendants received the Opinion and Award. Defendants did not file notice of appeal until July 24, 2009, 15 days after the time for filing an appeal had expired, or 30 days from the date of receipt of the Deputy Commissioner's Opinion and Award. Therefore, the Commission has no jurisdiction to review a Deputy Commissioner's Opinion and Award that was not timely appealed. N.C. Gen. Stat. § 97-85; Cornell v. Western S. Life Ins.Co., 162 N.C. App 106, 590 S.E.2d 294 (2004).
Defendants argue that their failure to timely file the notice of appeal was due to excusable neglect. In their brief and arguments to the Full Commission, defendants cite some confusion in their law firm staff because both this case and a companion case (Ensley v. FMC Corporation, I.C. No. 696703) were heard by the Deputy Commissioner on the same dates (August 20 and 27, 2008) and various Commission documents referred to both claims. Adding to the confusion, on the date the notice of appeal was due, correspondence mailed from the Commission to the law firm concerning the transcript of the hearing referred to both cases. Counsel for defendants by affidavit and in their brief state that although a notice of appeal was prepared by counsel, the document was not sent to the Industrial Commission due to clerical mistake or other breakdown in the law firm's procedures. When defense counsel began preparation of the brief and noticed *Page 3 
that the Commission had never acknowledged receipt of the notice of appeal, he then filed the notice of appeal on July 24, 2009.
The courts have held that the Industrial Commission has the authority, in its discretion, to consider a defendant's motion for relief due to excusable neglect. Hogan v. Cone Mills Corp.,315 N.C. 127, 337 S.E.2d 477 (1985); Allen v. Food Lion,Inc., 117 N.C. App. 289, 450 S.E.2d 571 (1994). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." Thomas M.McInnis Assoc., Inc. v. Hall,318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). "Inadvertent conduct that does not demonstrate diligence" has been held to not constitute excusable neglect. Egen v. Excalibur Resort Prof'l,191 N.C. App. 724, 663 S.E.2d 914 (2008), quoting Couch v. PrivateDiagnostic Clinic,133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (1999).
Considering the circumstances involved in the case before us, in its discretion the Full Commission finds that the failure of defendants to file the appeal within the 15-day period required by statute was excusable neglect.
The Order of Chair Young dismissing defendants' appeal to the Full Commission from the June 24, 2009 Opinion and Award of the Deputy Commissioner is VACATED and the appeal on the merits of the case shall proceed to be heard by the Full Commission.
This 15th day of January 2009.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: *Page 4 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1