***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, and the evidence gathered after remand to the Deputy Commissioner, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, enters the following Order.
 ***********
Plaintiff appeared pro se at the hearing before the Deputy Commissioner on September 16, 2008. In correspondence dated September 29, 2008, the law firm of Brumbaugh, Mu King, P.A. advised the Deputy Commissioner that Plaintiff retained them to represent her in these proceedings. Over the next several months, the law firm of Brumbaugh, Mu King, P.A. continued to correspond with the North Carolina Industrial Commission concerning Plaintiff's claim, including the submission of contentions and a proposed Opinion and Award to the Deputy Commissioner. On April 19, 2009, the Deputy Commissioner served a copy of the Opinion and Award filed that same date via facsimile to Plaintiff's counsel and Defendant's counsel. Plaintiff's counsel faxed to the Deputy Commissioner two signed acknowledgements of receipt of the April 19, 2009 Opinion and Award — one dated April 19, 2009 and one dated April 20, 2009. Thus, giving Plaintiff the benefit of the doubt, notice of appeal to the Full Commission would have been due no later than May 5, 2009. On May 13, 2009, Plaintiff submitted a handwritten note to the North Carolina Industrial Commission signed by her and stating: "I *Page 3 
Annette Lawrence McRae is [sic] filing a notice of Appeal. Filed by Deputy Commissioner Buddour [sic] on April 09." On May 26, 2009, the law firm of Brumbaugh, Mu King, P.A. submitted correspondence, a Motion, and a proposed Order seeking to withdraw as counsel of record for Plaintiff. On June 2, 2009, Chair Pamela T. Young signed an Order permitting the law firm of Brumbaugh, Mu King, P.A. to withdraw as counsel of record for Plaintiff.
At the March 22, 2010 hearing before the Deputy Commissioner on remand from the Full Commission, both the Deputy Commissioner and Defendant's counsel questioned Plaintiff extensively about the specific circumstances under which she learned of the April 19, 2009 Opinion and Award, including the day on which she learned of the Opinion and Award and what specific steps needed to be taken to appeal this matter to the Full Commission. Plaintiff testified that "soon after" the filing of the April 19, 2009 Opinion and Award, she participated in a conference call with her counsel, at which time her counsel advised her that the Deputy Commissioner awarded her workers' compensation benefits for her back injury, but denied her right shoulder claim. Plaintiff's testimony further establishes that Plaintiff's counsel advised her that she would no longer represent her in connection with her right shoulder claim, and so if she wished to proceed with an appeal, then she would either have to represent herself or hire new counsel. Plaintiff also recalled that her counsel sent her a copy of the April 19, 2009 Opinion and Award, and advised that she had 15 days from the filing of the Opinion and Award to appeal to the Full Commission.
When the Deputy Commissioner asked Plaintiff to provide her "best reason or best description as to why it is that you were late filing the appeal," Plaintiff stated:
 I think it was just frustration and all that stuff, you know, with the doctors and all that. I — how do I put it. I think it would maybe on my part [sic], but I guess the time — it came by so fast and I didn't know where [sic] with it because even when I spoke to Ms. Langdon, *Page 4 
I don't know whether she told me if it — if I had passed [sic] the date or whatever. I don't remember.
Similarly, when Defendant's counsel asked Plaintiff why she did not file her appeal before May 5, 2009, she responded:
 Like I said, you know, it's been kind of frustrating. And like I didn't know that the time came up that fast because when I went to call Ms. Langdon is after I spoke to Ms. Harper, you know. I wasn't checking the dates or anything like that, you know, I just called and was talking to her about the situation. And she told me to fax the paperwork off.
After Plaintiff explained why she did not file her appeal prior to the May 5, 2009 deadline, Defendant's counsel followed up by asking her whether it was "just something where you just forgot about the date and the time had lapsed for you filing the notice of appeal," and Plaintiff responded ". . . [i]t might have been. Because you see, I have a problem remembering stuff, you know what I mean. And with all these doctors and all, it's kind of frustrating."
At the March 22, 2010 hearing before the Deputy Commissioner, Plaintiff submitted a typewritten statement, marked as Plaintiff's Exhibit One, and which the Full Commission will be treating as Plaintiff's Motion for Relief Due to Excusable Neglect, in which she stated the following regarding her attempt to appeal the April 19, 2009 Opinion and Award:
 . . . [t]o be honest I do not remember the date that I filed the appeal. I know I called Ms. Langdon . . . [and] [s]he told me to fax the information of [sic] the appeal as soon as possible. Then to send [sic] a copy in writing to the office. I did that the same day I spoke to her. First I was kind of frustrated with the doctors . . . because all they do is send me from one doctor to another and they all tell me something different. I called Ms. Harper and asked her if I could see another doctor in Fayetteville, and she told me the statue [sic] of limitation on my case had run out. . . . That was the same day I called Ms. Langdon about the appeal, and she told me what to do, how to file the appeal. I have a problem remembering things, I think it has to do with all the medications I have been taking and I saw my husband kill himself. Physically, mentally or psychologically I am not able [sic]. I don't know whether I am *Page 5 
coming or going, all I want to do is just lay in bed. I have seen a doctor for this problem.
"The Commission has the inherent power and authority, in its discretion, to consider . . . [a] motion for relief due to excusable neglect." Allen v. Food Lion, Inc.,117 N.C. App. 289, 291, 450 S.E.2d 571, 572 (1994), citing,Hogan v. Cone Mills Corp., 315 N.C. 127, 337 S.E.2d 477 (1985). However, "the Industrial Commission does not have authority to excuse plaintiff from complying with N.C. Gen. Stat. § 97-85. Furthermore, its discretionary authority enunciated in Hogan does not allow the Industrial Commission to disregard the holdings of this Court as to what constitutes `excusable neglect.'" Moore v. City of Raleigh,135 N.C. App. 332, 337, 520 S.E.2d 133, 138 (1999). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." Egen v. Excalibur ResortProfessional, 191 N.C. App. 724, 731, 663 S.E.2d 914, 919 (2008),citing, Thomas M. McInnis Assoc., Inc. v. Hall,318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). "Deliberate or willful conduct cannot constitute excusable neglect, . . . nor does inadvertent conduct that does not demonstrate diligence[.]" Egen,191 N.C. App. 724, 731, 663 S.E.2d 914, 919 (2008), citing,Couch v. Private Diagnostic Clinic,133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (internal citation omitted),aff'd, 351 N.C. 92, 520 S.E.2d 785 (1999).
The greater weight of the evidence indicates that Plaintiff's former counsel made her aware of the adverse ruling of the April 19, 2009 Opinion and Award prior to the running of the 15 day filing period under N.C. Gen. Stat. § 97-85, and advised her that she had 15 days from the filing of the Opinion and Award to appeal to the Full Commission. N.C. Gen. Stat. § 97-85 (2009). Further, the greater weight of the evidence indicates that Plaintiff had sufficient time within which to either hire new counsel or proceed pro se in filing her appeal to the Full *Page 6 
Commission on or before May 5, 2009, the deadline for filing her appeal under N.C. Gen. Stat. § 97-85. Id.
Despite Plaintiff's knowledge of her appeal rights and the specific time period within which she had to perfect her appeal to the Full Commission, the greater weight of the evidence indicates that Plaintiff did not pay proper attention to the deadline for filing her appeal to the Full Commission, and did not pursue her appeal rights with due diligence. Egen,191 N.C. App. 724, 731, 663 S.E.2d 914, 919 (2008), citing,Thomas M. McInnis Assoc., Inc. v. Hall,318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986) and Couch v. PrivateDiagnostic Clinic,133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (internal citation omitted),aff'd, 351 N.C. 92, 520 S.E.2d 785 (1999). Thus, Plaintiff's claim for workers' compensation benefits for her right shoulder injury must be dismissed, with prejudice.
For good cause shown, it is ORDERED that Plaintiff's claim for workers' compensation benefits for her right shoulder injury is hereby DISMISSED WITH PREJUDICE.
It is further ORDERED that the April 19, 2009 Opinion and Award shall otherwise remain in full force and effect with respect to Defendant's obligation to continue paying for medical expenses incurred or to be incurred as a result of Plaintiff's February 1, 2006 work injury to her back for so long as such evaluations, examinations, and treatments may reasonably be required to effect a cure, to give relief, and/or to lessen her period of disability.
It is further ORDERED that each side shall bear its own costs.
This the ___ day of July 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 7 
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1