***********
Upon review of the competent evidence of record, with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission finds good grounds to receive further evidence, and to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission reverses the Order of the Deputy Commissioner, and enters the following Order.
 ***********
On June 22, 2007, Plaintiff suffered a compensable work injury to her back. On July 27, 2007, Defendants admitted the compensability of Plaintiff's June 22, 2007 work injury via a Form 60. Thereafter, Plaintiff received ongoing temporary total disability and medical compensation, and sought treatment from several physicians. *Page 2 
On May 6, 2009, Plaintiff underwent surgery to her back. On June 24, 2009, Plaintiff received light-duty work restrictions of no lifting, pushing, or pulling over 15 pounds from June 29, 2009 through July 10, 2009, and a release to return to full-duty work as of July 12, 2009. Defendants assigned Plaintiff a vocational rehabilitation counselor to assist Plaintiff in searching for employment.
Plaintiff eventually moved to Durham, North Carolina and obtained employment similar to her previous employment with Defendant-Employer earning wages close to her pre-injury wage. Accordingly, Defendants began paying Plaintiff temporary partial disability compensation. However, Defendants contended that Plaintiff was not cooperating with vocational rehabilitation for various reasons, including her failure to follow up on a position earning the same or greater wages than her pre-injury wage.
On December 29, 2009, Defendants filed a Form 24 seeking to terminate Plaintiff's workers' compensation benefits, and on January 5, 2010, Defendants supplemented this filing with a medical note stating that Plaintiff was at maximum medical improvement with no permanent work restrictions. On January 25, 2010, Special Deputy Commissioner Emily M. Baucom entered an Order granting Defendants' Form 24, effective December 30, 2009.
Defendants also filed a Form 33 to request a hearing regarding their alleged entitlement to recoup overpayment of ongoing temporary partial disability compensation following Plaintiff's return to work. The North Carolina Industrial Commission forwarded to the law firm of Defendants' counsel a hearing docket indicating that a hearing would be held in this matter on March 19, 2010 in Charlotte, North Carolina. It would appear that although the hearing docket arrived in the mailroom of the law firm of Defendants' counsel, it did not get forwarded to either the attorneys of record assigned to this case or any of their support staff. *Page 3 
On the morning of March 19, 2010, the Deputy Commissioner called this matter for hearing sometime around 9:00 a.m. Plaintiff, who travelled from her home in Durham, was present. However, no one was present for Defendants. Shortly after 9:00 a.m., the Deputy Commissioner telephoned Defendants' counsel and left a voice mail message inquiring whether anyone from their firm would be appearing for the scheduled hearing. At approximately 9:25 a.m., the Deputy Commissioner dismissed Defendants' request for hearing with prejudice on the grounds that they failed to appear for the hearing requested by them. At approximately 9:46 a.m., Defendants' counsel returned the Deputy Commissioner's telephone call, and stated that the mailroom of his law firm failed to forward the hearing docket to him.
On March 23, 2010, the Deputy Commissioner entered a formal Order dismissing Defendants' request for hearing with prejudice, citing the excessive burden placed upon Plaintiff in travelling from Durham to Charlotte, and the lack of a reasonable excuse for Defendants' failure to appear. On April 5, 2010, the Deputy Commissioner entered an Order dismissing Defendants' Motion for Reconsideration.
The Full Commission concludes that Defendants' failure to appear constituted excusable neglect. "The Commission has the inherent power and authority, in its discretion, to consider . . . [a] motion for relief due to excusable neglect." Allen v. Food Lion,Inc., 117 N.C. App. 289, 291, 450 S.E.2d 571, 572 (1994),citing, Hogan v. Cone Mills Corp.,315 N.C. 127, 337 S.E.2d 477 (1985). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." Egen v. Excalibur Resort Professional,191 N.C. App. 724, 731, 663 S.E.2d 914, 919 (2008), citing,Thomas M. McInnis Assoc., Inc. v. Hall,318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). The failure of mailroom employees to forward the calendar to Defendants' counsel does *Page 4 
not constitute a lack of diligence on the part of Defendants under the circumstances. The Full Commission therefore concludes that the Deputy Commissioner's March 23, 2010 and April 5, 2010 Orders should be reversed.
IT IS THEREFORE ORDERED that:
1. The Deputy Commissioner's March 23, 2010 and April 5, 2010 Orders are reversed.
2. This case is remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for hearing on the issue of whether Defendants are entitled to recoup overpayment of ongoing temporary partial disability compensation following Plaintiff's return to work. The Deputy Commissioner shall treat this case as a regularly scheduled hearing and write the Opinion and Award or Order. Either party will then have the right to appeal to the Full Commission from the decision of the Deputy Commissioner.
3. Defendants' Motion that various documents appended to their Brief to the Full Commission be admitted into the record is hereby GRANTED;
4. Defendants shall reimburse Plaintiff within 10 days from receipt of Plaintiff's statement of mileage for traveling to and from the March 19, 2010 hearing before the Deputy Commissioner in Charlotte and the August 11, 2010 hearing before the Full Commission in Raleigh at the 2010 IRS mileage rate for business mileage of 50 cents per mile. Plaintiff shall submit her request for mileage reimbursement to counsel for Defendants.
5. This case shall be reset for hearing in Durham, North Carolina. The parties will be notified of the hearing date.
6. Defendants shall pay the costs.
This the 10th day of September 2010. *Page 5 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1