FINESSE G. COUCH, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF CARNELL SIMMONS COUCH v. PRIVATE DIAGNOSTIC CLINIC AND DUKE UNIVERSITY

No. 255A99

(Filed 5 November 1999)

**Trials— argument of counsel—characterizations of witnesses and counsel as liars—gross impropriety**

The trial court erred by not sustaining defendant's objection and by failing to intervene ex mero motu to correct the grossly improper jury argument by plaintiff's counsel that included nineteen explicit characterizations of the defense witnesses and opposing counsel as liars. However, where one Justice did not participate in the consideration or decision of this case, and the remaining six Justices are equally divided on the issue of whether this error was prejudicial to the appealing defendant, the decision of the Court of Appeals is left undisturbed and stands without precedential value.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 133 N.C. App. 93, 515 S.E.2d 30 (1999), affirming in part and reversing in part a judgment entered 3 March 1997 by Tillery, J., in Superior Court, Durham County. Heard in the Supreme Court 13 October 1999.

**COUCH v. PRIVATE DIAGNOSTIC CLINIC**

[351 N.C. 92 (1999)]

*Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, by Maria P. Sperando, pro hac vice; and Keith A. Bishop, for plaintiff-appellee.*

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell; and Robinson, Bradshaw & Hinson, P.A., by Everett J. Bowman, Lawrence C. Moore, III, and John M. Conley, for defendant-appellant Duke University.*

PER CURIAM.

Justice Freeman did not participate in the consideration or decision of this case. The remaining six members of the Court are of the opinion that plaintiff's counsel, Ms. Maria P. Sperando, engaged in a grossly improper jury argument that included at least nineteen explicit characterizations of the defense witnesses and opposing counsel as liars. The trial court did not sustain defendant's initial objection to this jury argument, nor did the trial court thereafter intervene *ex mero motu* to correct the grossly improper argument.

All members of the Court are of the opinion that the trial court erred by not sustaining defendant's objection and by not intervening *ex mero motu*. Justices Lake, Martin, and Wainwright believe that the error was prejudicial to the appealing defendant and would vote to grant a new trial. Chief Justice Frye and Justices Parker and Orr are of the opinion that the error was not prejudicial to the appealing defendant and would vote to affirm the result reached by the Court of Appeals. Accordingly, the decision of the Court of Appeals is left undisturbed and stands without precedential value. *See, e.g., Hayes v. Town of Fairmont*, 350 N.C. 81, 511 S.E.2d 638 (1999); *James v. Rogers*, 231 N.C. 668, 58 S.E.2d 640 (1950).

Furthermore, this Court, being of the opinion that plaintiff's counsel's conduct violated Rule 12 of the General Rules of Practice for the Superior and District Courts and was not in conformity with the Rules of Professional Conduct, remands this cause to the trial court for the determination of an appropriate sanction.

The decision of the Court of Appeals is affirmed without precedential value.

AFFIRMED.