NO. COA13-545

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

ESTATE OF FRANCES JOYNER, HAZEL
HALL. IKE COGDELL, JOHN COGDELL,
BERTHA  C.  CLARK,  JOSEPHNE  C.
SHACKLEFORD,  NATHAN  COGDELL  AND
SAMUEL COGDELL,

    Plaintiffs,

    v.                              Lenoir County
                                    No. 12 CVS 66
JESSIE  BELL  JOYNER,  JESSIE  MAE
BRITT AND LINWOOD JOYNER, As Co
Administrators  of  the  Estate  Of
Warren Joyner,

    Defendants.

Appeal by plaintiffs from an order entered 17 October 2012 by Judge Phyllis M. Gorham in Lenoir County Superior Court. Heard in the Court of Appeals 9 October 2013.

> *Wooten & Turik, PLLC, by Dal F. Wooten, for plaintiff-appellants.*

> *Holtkamp Law Firm, by Lynne M. Holtkamp, for defendant-appellees.*

HUNTER, Robert C., Judge.

Plaintiffs appeal from an order entered 17 October 2012 in Lenoir County Superior Court by Judge Phyllis M. Gorham granting defendants' motion for summary judgment. On appeal, plaintiffs

argue there was a genuine issue of material fact with respect to whether Warren Joyner ("Warren") constructively abandoned his wife, Frances Joyner ("Frances"). After careful review, we affirm the trial court's order granting summary judgment.

### Background

All plaintiffs in this case are surviving siblings of Frances. Frances died intestate on 17 January 2011 without children and with her husband, Warren, as her only potential heir. Warren died intestate on 6 February 2011, survived only by his mother. Plaintiffs brought this action against the co-administrators of Warren's estate, Jessie Mae Britt and Linwood Joyner, and Warren's mother, Jessie Bell Joyner (collectively "defendants"), seeking a declaratory judgment to bar Warren and his heirs from inheriting from Frances on the ground that Warren actually or constructively abandoned Frances.

Warren and Frances were married for twenty-six years and lived in the same home until Frances's death. They were both disabled; Warren had kidney failure, and Frances was a double amputee with heart failure. Warren was unemployed for the last twenty years of the marriage.

The parties contest the level of care Warren provided for Frances. Plaintiffs claimed in depositions that: (1) Warren would

not take Frances to doctors visits without compensation for his time and gas; (2) the couple ceased conjugal contact and Warren openly engaged in homosexual relationships; (3) Warren moved into a separate bedroom in the home he shared with Frances; and (4) Warren refused to provide food or financial support for Frances for at least the last six years of their marriage. Defendants testified at the summary judgment hearing that Warren was the primary caretaker of Frances and was a loving, caring husband, and that Warren helped Frances around the house, cooked meals for her, checked her blood sugar, and provided her medication.

At the conclusion of deposition presentation and testimony at the hearing on defendants' motion for summary judgment, the trial court granted summary judgment for defendants. Plaintiffs timely appealed.

## Discussion

### I. Whether Summary Judgment was Proper

Plaintiffs' sole argument on appeal is that the trial court erred in granting defendants' motion for summary judgment. After careful review, we affirm.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that

any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)). When reviewing a grant of summary judgment "evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co., v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "Summary judgment is appropriate where the movant proves that an essential element of the claim is nonexistent or that the opposing party cannot produce evidence to support an essential element of his claim." *Holloway v. Wachovia Bank & Trust Co., N.A.*, 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994) (citation omitted).

N.C. Gen. Stat. § 31A-1(a)(3) (2011) states that "[a] spouse who wilfully and without just cause abandons and refuses to live with the other spouse *and is not living with the other spouse at the time of such spouse's death*" loses intestate succession rights in the other spouse. N.C. Gen. Stat. § 31A-1(a)(3), (b)(1) (2011) (emphasis added). Plaintiffs cite *Powell v. Powell*, 25 N.C. App. 695, 699, 214 S.E.2d 808, 811 (1975), and *Meares v. Jernigan*, 138 N.C. App 318, 321, 530 S.E.2d 883, 885-86 (2000), for the proposition that a husband or wife could constructively abandon his or her spouse under section 31A-1 without leaving the marital

home.   They argue that Warren's failure to provide monetary and emotional support amounted to constructive abandonment and that he should be divested of his right to intestate succession as a result.   However, plaintiffs overlook the fact that *Powell* analyzes abandonment under N.C. Gen. Stat. § 50-16.2(4), which was repealed in 1995, and therefore is no longer controlling.   Act of Oct. 1, 1995, ch. 319, sec. 1, 1995 N.C. Sess. 641.   *Meares* analyzes section 31A-1(a)(3) and quotes language from *Powell* to support the proposition that a husband or wife could constructively abandon his or her spouse without leaving the marital home, but the decision stops short of reaching all elements in section 31A-1. *Meares*, 138 N.C. App at 321-22, 530 S.E.2d at 886.   Our Supreme Court has made clear that abandonment alone is insufficient to deprive a spouse of intestate succession rights under section 31A-1.   In *Locust v. Pitt Cnty. Mem'l Hosp., Inc.*, 358 N.C. 113, 118, 591 S.E.2d 543, 546 (2004), the Supreme Court held that "not living with the other spouse at the time of such spouse's death" is a necessary element of section 31A-1.

> Notably, under the wording of the statute, intent to abandon and abandonment even when combined, are insufficient to preclude an abandoning spouse from intestate succession. The abandoning spouse must also "not [be] living with the other spouse at the time of such spouse's death." N.C.G.S. § 31A-1. This Court has held that a spouse may abandon the

> other spouse without physically leaving the home, thus likely prompting the legislature to include the *additional requirement* in N.C.G.S. § 31A-1. Because *absence from the marital home is an element under the statute*, a determination of spousal preclusion from intestate succession cannot be made until the death of the other spouse.

*Id.* (emphasis added) (citations omitted). Because it is undisputed that Warren was not "absen[t] from the marital home" at the time of Frances's death, but was merely sleeping in a separate bedroom, plaintiffs failed to meet this required element of section 31A-1. *See id.* Accordingly, we affirm the trial court's entry of summary judgment in defendants' favor. *See Holloway*, 339 N.C. at 351, 452 S.E.2d at 240 ("Summary judgment is appropriate where the movant proves that an essential element of the claim is nonexistent or that the opposing party cannot produce evidence to support an essential element of his claim.").

As plaintiffs failed to cite *Locust* in their brief, we remind counsel of the duty of candor toward the tribunal, which requires disclosure of known, controlling, and directly adverse authority. *See* N.C. Rev. R. Prof. Conduct 3.3(a), (a)(2) (2012) ("A lawyer shall not knowingly: . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]"). While the duty to disclose *Locust* rests

upon plaintiffs, defendants also failed to cite the case. We remind counsel of the need to be diligent in finding controlling authority.

## Conclusion

Because plaintiffs failed to establish an element of their claim, we affirm the trial court's order granting defendants' motion for summary judgment.

AFFIRMED.

Judges BRYANT and STEELMAN concur.