IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-665

Filed 16 April 2024

Mecklenburg County, No. 21 CVS 13458

T.H., Plaintiff,

v.

SHL HEALTH TWO, INC., d/b/a
MASSAGE ENVY-ARBORETUM,
TORSTEN A. SCHERMER, and
STEPHEN JACOB OXENDINE, Defendants.

Appeal by Plaintiff from order entered 13 February 2023 by Judge Eric L.
Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 10
January 2024.

> *Edwards Beightol, LLC, by J. Bryan Boyd, for Plaintiff-Appellant.*
>
> *Thurman, Wilson, Boutwell & Galvin, P.A, by John D. Boutwell, Van Hoy,
> Reutlinger, Adams & Pierce, PLLC, by C. Grainger Pierce, Jr., & Arnold &
> Smith, PLLC, by Ronnie D. Crisco, Jr. for Defendants-Appellees.*

CARPENTER, Judge.

T.H. ("Plaintiff") appeals from the trial court's order denying her motion for
relief under Rule 60(b). On appeal, Plaintiff argues the trial court abused its
discretion by denying her Rule 60(b) motion. After careful review, we disagree with
Plaintiff and affirm the trial court's order.

## I.  Factual & Procedural Background

On 10 October 2020, Plaintiff and others filed a complaint, under case number

20 CVS 5678, against SHL Health Two, Inc. and others ("Defendants") in Mecklenburg County Superior Court. On 12 July 2021, the trial court severed the matter, separating "each individual plaintiff's cause of action." More specifically, the trial court ordered Plaintiff to file, within thirty days, "a Second Amended Complaint based on the same exact factual allegations and same exact causes of action." The trial court continued: "The clerk of court shall then create a new civil action with a separate case number for these claims . . . ."

On 12 August 2021, Plaintiff filed a new complaint under a new case number, 21 CVS 13458. But as ordered by the trial court, Plaintiff should have filed the complaint under the original case number—20 CVS 5678. Recognizing his mistake, Plaintiff's counsel[1] contacted Defendants' counsel, who consented to a voluntary dismissal of the incorrectly filed claims docketed at 21 CVS 13458.

On 8 September 2021, Plaintiff refiled her complaint under the original case number, 20 CVS 5678. On 4 October 2021, Plaintiff filed a notice of dismissal, styled "Notice of Voluntary Dismissal with Prejudice," concerning the action docketed at 21 CVS 13458. On 17 November 2021, Defendants filed a motion to dismiss the complaint filed in case number 20 CVS 5678 because of Plaintiff's dismissal with prejudice of the same claims in case number 21 CVS 13458.

On 18 January 2022, Plaintiff filed a Rule 60(b) motion, seeking relief from her

---

[1] Plaintiff is not represented by her trial-court counsel on appeal. Appellate counsel is not associated with trial counsel or trial counsel's law firm.

dismissal with prejudice. In support of the motion, Plaintiff's counsel submitted his own affidavit. In his affidavit, Plaintiff's counsel averred that "[a]t no time did I express any opinion or legal reasoning that these incorrectly filed matters must have been dismissed with prejudice." On the other hand, Defendants' counsel filed an affidavit, averring that Plaintiff's counsel believed he had "no choice" but to dismiss with prejudice. Defendants' counsel further asserted that Plaintiff's counsel explained his legal reasoning for filing dismissals with prejudice, as opposed to without prejudice.

On 13 February 2023, the trial court denied Plaintiff's Rule 60(b) motion. The trial court reasoned that the "filing of the Voluntary Dismissal With Prejudice, including without limitation the taking of such dismissal 'with prejudice,' was an intentional, deliberate, volitional, and willful decision of the Plaintiff's counsel at the time . . . ." The trial court also found that, "[m]ore likely than not, Plaintiff's counsel did not appreciate the res judicata impact of the filing of the Voluntary Dismissal With Prejudice."

Concerning the competing affidavits, the trial court found Plaintiff's counsel "made material untruthful statements to the Court in connection with the Motion, in an attempt to obtain relief sought under Rule 60, and in an attempt to salvage the claims from res judicata concerns." The trial court found Defendants' counsel's affidavit, however, to be "accurate, and the Court accept[ed] the content thereof as true." On 8 March 2023, Plaintiff filed written notice of appeal.

## II.    Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III.    Issue

Generally, a plaintiff may refile a claim after voluntarily dismissing the claim without prejudice.  N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2023).  But a plaintiff cannot refile a claim after voluntarily dismissing the claim with prejudice.  *See id.*  Indeed, a voluntary dismissal with prejudice "operates as an adjudication upon the merits." *See id.*; *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974) ("A dismissal 'with prejudice' is the converse of a dismissal 'without prejudice' and indicates a disposition on the merits.").

The parties here do not dispute whether Plaintiff voluntarily dismissed her claims with prejudice: Her voluntarily submitted dismissal is styled "Notice of Voluntary Dismissal with Prejudice," and "with prejudice" is reiterated and underlined in the body of the notice.  So without relief, Plaintiff cannot refile her claims.  *See Barnes*, 21 N.C. App. at 289, 204 S.E.2d at 205.  Therefore, the issue is whether the trial court abused its discretion by denying Plaintiff relief under Rule 60(b).

## IV.    Analysis

"[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion."  *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citing *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975)).  "Abuse of discretion

results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "Our Supreme Court has indicated that this Court cannot substitute 'what it consider[s] to be its own better judgment' for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it 'probably amounted to a substantial miscarriage of justice.'" *Huggins v. Hallmark Enters., Inc.*, 84 N.C. App. 15, 25, 351 S.E.2d 779, 785 (1987) (quoting *Worthington v. Bynum*, 305 N.C. 478, 486–87, 290 S.E. 2d 599, 604–05 (1982)).

A mistake of the law, however, is an abuse of discretion. *State v. Rhodes*, 366 N.C. 532, 535–36, 743 S.E.2d 37, 39 (2013) (citing *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047, 135 L. Ed. 2d 392, 414 (1996)). The "abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. A [trial] court by definition abuses its discretion when it makes an error of law." *Koon*, 518 U.S. at 100, 116 S. Ct. at 2047, 135 L. Ed. 2d at 414 (citations omitted).

### A. Rule 60(b)(1)

Plaintiff first argues that the trial court erred by not granting her relief under Rule 60(b)(1). After careful review, we disagree.

Under Rule 60(b)(1), a trial "court may relieve a party or his legal representative from a final judgment" if the judgment stems from "[m]istake, inadvertence, surprise, or excusable neglect." N.C. Gen. Stat. § 1A-1, Rule 60(b)(1)

(2023).

We analyzed Rule 60(b)(1) in *Carter v. Clowers*. 102 N.C. App. 247, 252, 401 S.E.2d 662, 665 (1991) (citing N.C. Gen. Stat. § 1A-1, Rule 60(b)(1)). There were two defendants in *Carter*: Clowers and Deeney. The plaintiff eventually dismissed his claims against both Clowers and Deeney with prejudice. *Id*. at 254, 401 S.E.2d at 666. But while "the parties agreed to dismiss Clowers . . . a dismissal with prejudice of Deeney was never contemplated by either party." *Id*. at 254, 401 S.E.2d at 666. "[Deeney's] dismissal was not entered with the consent of the minor plaintiff, and neither was it based on any agreement between the parties." *Id*. at 254, 401 S.E.2d at 666. The plaintiff did not file a Rule 60(b) motion; instead, the trial court allowed the plaintiff to amend his notice of dismissal. *See id*. at 250, 401 S.E.2d at 664.

On appeal, however, "we construe[d] the motion to amend the dismissal as a Rule 60(b) motion and grant[ed] plaintiff the relief he sought from the original dismissal." *Id*. at 254, 401 S.E.2d at 666. We reasoned that "[t]he purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments." *Id*. at 254, 401 S.E.2d at 666. Further, we explained that "[p]rocedural actions that prevent litigants from having the opportunity to dispose of their case on the merits are not favored." *Id*. at 254, 401 S.E.2d at 666 (citing *Howard v. Williams*, 40 N.C. App. 575, 253 S.E.2d 571 (1979)). Therefore, we affirmed the trial court on Rule 60(b) grounds. *Id*. at 254, 401 S.E.2d at 666.

In *Couch v. Private Diagnostic Clinic*, however, we reversed a grant of relief

under Rule 60(b)(1). 133 N.C. App. 93, 103–04, 515 S.E.2d 30, 38, *aff'd without precedential value*, 351 N.C. 92, 520 S.E.2d 785 (1999) (per curium).[2] There, the voluntarily dismissal with prejudice "was a carefully considered decision, a trial strategy, and thus constitute[d] a deliberate willful act precluding relief under Rule 60(b)(1)." *Id.* at 103, 515 S.E.2d at 38. We said that a misunderstanding of "legal consequences" was immaterial. *Id.* at 103, 515 S.E.2d at 38.

We went on to distinguish *Carter*. *Id.* at 104 n.3, 515 S.E.2d at 38 n.3. We said: "In effect, the [*Carter*] attorney never intended to dismiss the action against Deeney with prejudice. The trial court found that the attorney had entered the Deeney dismissal by 'mistake and inadvertence' and allowed an amendment of the notice of dismissal." *Id.* at 104 n.3, 515 S.E.2d at 38 n.3 (citations omitted). Intention distinguished *Couch* from *Carter*. *See id.* at 104 n.3, 515 S.E.2d at 38 n.3 ("By contrast, in the case *sub judice*, Ms. Couch's attorney *intended* to dismiss the claim against the [defendant] and made that decision after some deliberation.") (emphasis added).

Read together, *Couch* and *Carter*[3] draw a thin line. Relief under Rule 60(b)(1)

---

[2] On appeal, our state Supreme Court was equally divided on a separate issue: the prejudicial nature of the plaintiff's jury argument. *Couch*, 351 N.C. at 92, 520 S.E.2d at 785. Accordingly, the Court held that "[t]he decision of the Court of Appeals is affirmed without precedential value." *Id.* at 92, 520 S.E.2d at 785. Although our decision is not binding, it remains highly persuasive, as the Supreme Court ultimately affirmed our decision and took no issue with our Rule 60(b) holding. *Id.* at 92, 520 S.E.2d at 785.

[3] Defendants failed to mention *Carter* in their brief. *Carter* is clearly relevant caselaw, and Plaintiff briefed it thoroughly and persuasively. Although we side with Defendants, they violated their

hinges on the intention of the party seeking relief. The relevant intention, however, is not the intended outcome of an action; the relevant intention is the intended *action*. *See Couch*, 133 N.C. App. at 103, 515 S.E.2d at 38. A misunderstanding of "legal consequences" is immaterial. *See id* at 103, 515 S.E.2d at 38. To get Rule 60(b)(1) relief, the material question is whether Plaintiff deliberately took the action for which Plaintiff requests relief. *See id.* at 103, 515 S.E.2d at 38.

In *Carter*, the plaintiff's counsel only intended to dismiss claims against one defendant with prejudice, but counsel accidentally dismissed claims against both defendants with prejudice. *See Carter*, 102 N.C. App. at 254, 401 S.E.2d at 666. Accordingly, we granted the plaintiff relief under Rule 60(b)(1) because the plaintiff did not intend to dismiss all of her claims with prejudice. *See id.* at 254, 401 S.E.2d at 666; *Couch*, 133 N.C. App. 104 n.3, 515 S.E.2d at 38 n.3 (explaining the unintentional nature of the *Carter* dismissal). But in *Couch*, we denied the plaintiff relief under Rule 60(b)(1) because her attorney intended to dismiss certain claims with prejudice; her attorney simply did not appreciate the consequences of the dismissal. *See Couch*, 133 N.C. App at 104 n.3, 515 S.E.2d at 38 n.3.

Here, Plaintiff contends she intended to continue this litigation, and that ultimate intention should be dispositive, rather than her counsel's procedural

---

duty of candor by not briefing us on *Carter*. *See Est. of Joyner v. Joyner*, 231 N.C. App. 554, 557–58, 753 S.E.2d 192, 194 (2014) (reminding "counsel of the duty of candor toward the tribunal, which requires disclosure of known, controlling, and directly adverse authority").

intention to file a notice to dismiss with prejudice. Accordingly, Plaintiff argues that the trial court abused its discretion by analyzing her counsel's procedural intention—to dismiss with prejudice—rather than her ultimate intention, to continue her litigation.

We sympathize with Plaintiff's position, but her proposed framework turns Rule 60(b)(1) on its head. Plaintiff's intention to continue her litigation can be said in another way: She did not intend to give Defendants a res-judicata defense to her claims. *See Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citing *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413, 474 S.E.2d 127, 128 (1996)) ("Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies.").

Saying that Plaintiff and her counsel did not intend to end this litigation is no different than saying that they did not intend for res judicata to apply—which is no different than saying that they misunderstood the legal consequences of dismissing with prejudice. But under Rule 60(b)(1), a misunderstanding of legal consequences, like res judicata, is immaterial. *See Couch*, 133 N.C. App. at 103, 515 S.E.2d at 38.

So, the key question is whether Plaintiff's counsel misunderstood his action, or whether he misunderstood the consequences of his action. In other words, the question is whether Plaintiff's counsel misunderstood that he was dismissing case number 21 CVS 13458 with prejudice, or whether he misunderstood the legal

consequences, the res-judicata effect, of dismissing case number 21 CVS 13458 with prejudice.

First, the trial court correctly applied the law in this case. *See id.* at 103, 515 S.E.2d at 38. The trial court denied Plaintiff's Rule 60(b)(1) motion because the "filing of the Voluntary Dismissal With Prejudice, including without limitation the taking of such dismissal 'with prejudice,' was an intentional, deliberate, volitional, and willful decision of the Plaintiff's counsel at the time . . . ." Indeed, the trial court found that, "[m]ore likely than not, Plaintiff's counsel did not appreciate the res judicata impact of the filing of the Voluntary Dismissal With Prejudice."

The trial court correctly considered whether Plaintiff's counsel understood his actions, rather than whether he understood the consequences of his actions. *See id.* at 103, 515 S.E.2d at 38. Therefore, the trial court's denial of Plaintiff's Rule 60(b)(1) motion was "a reasoned decision" and therefore not an abuse of discretion, *see Hennis*, 323 N.C. at 285, 372 S.E.2d at 527, because the denial was not based on a mistake of law, *see Rhodes*, 366 N.C. at 535–36, 743 S.E.2d at 39.

Second, the trial court did not abuse its discretion by finding Defendants' counsel more credible than Plaintiff's counsel because such a determination "is the province of the trial court." *See State v. Booker*, 309 N.C. 446, 450, 306 S.E.2d 771, 774 (1983) (citing *State v. Biggs*, 289 N.C. 522, 530, 223 S.E. 2d 371, 376 (1976)) ("[When] conflicts exist in the evidence, their resolution is for the trial court."). And Plaintiff failed to show that it was "manifestly unsupported by reason" for the trial

court to find Defendants' counsel to be more credible than her counsel. *See Hennis*, 323 N.C. at 285, 372 S.E.2d at 527. The trial court is better suited than us to discern credibility, and we "cannot substitute 'what [we] consider to be [our] own better judgment' for a discretionary ruling of a trial court." *See Huggins*, 84 N.C. App. at 25, 351 S.E.2d at 785 (quoting *Worthington*, 305 N.C. at 486–87, 290 S.E. 2d at 604–05).

Accordingly, the trial court did not abuse its discretion by denying Plaintiff's motion for relief under Rule 60(b)(1) because it correctly applied the law, and it correctly applied its authority to assess credibility. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(1); *Hennis*, 323 N.C. at 285, 372 S.E.2d at 527.

**B. Rule 60(b)(6)**

Next, Plaintiff argues that if she is not entitled to relief under Rule 60(b)(1), she is entitled to relief under Rule 60(b)(6). We disagree.

Under Rule 60(b)(6), a trial "court may relieve a party or his legal representative from a final judgment" if there is "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). "The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987).

But Rule 60(b)(6) is not a "catch-all" provision. *See N.C. Dep't of Transp. v.*

*Laxmi Hotels of Spring Lake, Inc.*, 259 N.C. App. 610, 621, 817 S.E.2d 62, 71 (2018). "Rule 60(b)(6) cannot be the basis for a motion to set aside judgment if the facts supporting it are facts which more appropriately would support one of the five preceding clauses." *Bruton v. Sea Captain Props., Inc.*, 96 N.C. App. 485, 488, 386 S.E.2d 58, 59–60 (1989).

In *Akzona, Inc. v. American Credit Indemnity Co.*, we denied Rule 60(b)(6) relief because the motion "was expressly based on newly discovered evidence, which brings it within the scope of Rule 60(b)(2), and not within the scope of Rule 60(b)(6), which speaks of any *other* reason, *i.e.*, any reason other than those contained in Rule 60(b)(1)–(5)." 71 N.C. App. 498, 505, 322 S.E.2d 623, 629 (1984).

Here, as in *Akzona*, the facts are more appropriately analyzed under Rule 60(b)(1), rather than 60(b)(6). Indeed, in Plaintiff's motion for relief, Plaintiff's counsel quoted from (b)(1), using language like "inadvertently, unintentionally, and mistakenly." Plaintiff's motion was expressly based on inadvertence and mistake— "which brings it within the scope of Rule 60(b)([1]), and not within the scope of Rule 60(b)(6)." *See id.* at 505, 322 S.E.2d at 629; *see also* N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (expressly applying to "mistakes" and "inadvertence"). Accordingly, the trial court did not err by denying Plaintiff's motion for relief under Rule 60(b)(6) because "the facts supporting it are facts which more appropriately would support one of the five preceding clauses." *See Bruton,* 96 N.C. App. at 488, 386 S.E.2d at 59–60.

But even if this case did fit within Rule 60(b)(6), we cannot say that the trial

court abused its discretion in denying Plaintiff's motion. Here, the trial court found Plaintiff's counsel "made material untruthful statements to the Court in connection with the Motion, in an attempt to obtain relief sought under Rule 60, and in an attempt to salvage the claims from res judicata concerns." Plaintiff does not directly challenge this finding of fact, and unchallenged findings are binding on appeal. *See Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009). Even if Plaintiff directly challenged this finding, it remains binding because it was supported by competent evidence, an affidavit from Defendants' counsel. *See Lagies v. Myers*, 142 N.C. App. 239, 246, 542 S.E.2d 336, 341 (2001).

Plaintiff's counsel made material misrepresentations to the trial court, so the trial court's denial of Plaintiff's request for extraordinary relief was supported by reason. *See Hennis*, 323 N.C. at 285, 372 S.E.2d at 527; *Howell*, 321 N.C. at 91, 361 S.E.2d at 588. This is especially true because we "cannot substitute 'what [we] consider to be [our] own better judgment' for a discretionary ruling of a trial court." *See Huggins*, 84 N.C. App. at 25, 351 S.E.2d at 785 (quoting *Worthington*, 305 N.C. at 486–87, 290 S.E. 2d at 604–05). So even if Rule 60(b)(6) applied, the trial court did not abuse its discretion by denying relief to Plaintiff.

## V.    Conclusion

We conclude that the trial court did not err by denying Plaintiff's Rule 60(b) motion. We therefore affirm the trial court's order.

AFFIRMED.

Chief Judge DILLON and Judge MURPHY concur.